## Commonwealth ex rel. *v*. Fleming, Appellant.

*Boroughs—Council—Election to fill vacancy—Public officers—Parliamentary law.*

It is a rule of the common law, and generally of all parliamentary bodies that when a quorum is present, the act of a majority of the quorum is the act of the body.

Those who are present and help to make up a quorum are expected to vote on every question, and their presence alone is enough to make the vote decisive and binding whether they actually vote or not.

Where there is a vacancy in a borough council of twelve members, and at an adjourned meeting of the council where ten members are present, a motion to proceed to fill the vacancy is carried by six members, and thereafter at the same meeting an election is had at which five votes are cast for one person, and two votes for another, the person who receives the five votes is legally elected to fill the vacancy.

*Boroughs—Borough councils—Meetings—Adjourned regular meeting.*

A regular meeting of the borough council may adjourn to a definite future day, and at such adjourned meeting the body may transact any busi-

ness which might have been transacted at the meeting from which the adjournment was had. An adjourned meeting is the continuation of the stated meeting. Members are not entitled to notice of the time of an adjourned meeting. They are presumed to have notice.

Where a regular meeting of a borough council is adjourned to a date fixed " for the purpose of closing up the old business of the council," an election may be held at the adjourned meeting to fill a vacancy.

*Boroughs—Council—Election to fill vacancy—Certificate of election.*

Where a person has been lawfully elected to fill a vacancy in a borough council, the fact that he did receive a certificate of election from the clerk of the council is immaterial in mandamus proceedings to procure his instalment in the office.

*Mandamus—Practice, C. P.—Alternative writ—Rule to show cause.*

Since the Act of June 8, 1893, P. L. 345, it is irregular to grant a rule to show cause why a writ of mandamus should not issue, but where the material facts are not in dispute and the evidence shows a clear right, the irregularity will not be considered as material error on appeal, and this is especially so where it appears from the opinion of the court below that at the hearing therein the irregularity was waived.

*Boroughs—Borough council—Title to office—Mandamus.*

Where a person has been lawfully elected to a vacancy in a borough council, has qualified as a member of the council, and entered upon the duties of his office, and a majority of the council after reorganization has refused to permit him to take part in the proceedings, and no other person is claiming the office, mandamus is his appropriate remedy.

Argued May 11, 1903.    Appeal, No. 124, April T., 1903, by defendants, from order of C. P. Beaver Co., June T., 1903, No. 12, discharging rule for mandamus in case of Commonwealth ex rel. John Moulds v. Robert D. Fleming et al., Town Council of the Borough of Rochester.    Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Petition for mandamus.

On March 5, 1903, the court made the following order:

And now, March 5, 1903, upon petition of John Moulds, a rule is granted upon Robert D. Fleming, George F. Wehr, Howard S. Marshall, W. F. Workman, John Black, John A. Weber, Charles B. Baldwin, E. E. Bentel, James T. Conlin, C. B. Scott and Frank Middlemass, town council of the borough of Rochester, to show cause why a mandamus should not issue, compelling said council to place the name of John

406    COMMONWEALTH *v.* FLEMING, Appellant.

Statement of Facts—Opinion of the Court. [23 Pa. Superior Ct.

Moulds upon the roll, allow him to take his seat in council, and in all respects exercise the rights and privileges of a member of said council during the term of his office.    Returnable March 9, 1903, at ten o'clock A. M.

The respondents filed an answer to the petition.

In addition to the facts stated in the opinion of the Superior Court it appeared that at a meeting of the reorganized council on March 6, 1903, an election was had at which A. K. P. Wilson was elected to fill the alleged vacancy.

Testimony was taken under the petition and answer and the court in an opinion by WILSON, P. J., made the following order:

And now, April 13, 1903, the rule is made absolute, and it is ordered and directed that a peremptory mandamus issue forthwith against the defendants, the town council of the borough of Rochester, commanding them to place the name of the relator, John Moulds, upon the roll, to allow him to take his seat as a member of said town council and to exercise all the rights and privileges of a member of said body until the expiration of his term of office, unless removed therefrom by legal and proper means.    Returnable April 20, 1903.    The costs of this proceeding to be paid by the defendants.

*Errors assigned* were (1) order of March 5, 1903, and (4) order of April 13, 1903.

*George A. Baldwin* and *A. P. Marshall*, with them *J. H. Cunningham*, for appellant, cited: Com v. Risser, 3 Pa. Superior Ct. 196.

*Arthur E. Barnett*, with him *John M. Buchanan*, for appellee, cited: Com. ex rel. v. Smith, 2 W. N. C. 611; Com. ex rel. v. Common Councils of Philadelphia, 23 Pa. C. C. Rep. 631; Cent. Dist. & Printing Tel. Co. v. Com., 114 Pa. 592; Long v. Springfield Water Co., 8 Del. Co. Rep. 151; Kerr v. Trego, 47 Pa. 292.

OPINION BY HENDERSON, J., October 5, 1903:

The borough of Rochester is organized under the general borough law of 1851 and its supplements.    The borough coun-

cil is composed of twelve members. The third section of the Act of April 3, 1851, P. L. 320, declares that a majority shall constitute a quorum.

Under the provisions of section 4 of the Act of June 1, 1883, P. L. 54, town councils are authorized to fill vacancies which may occur in the council by death, resignation, or removal from the borough, or otherwise.

A vacancy occurred in the council of the borough of Rochester caused by the removal of a member thereof from the first to the second ward in the borough. Regular meetings of the council were held semimonthly, and, at the session held February 16, 1903, the meeting was adjourned to meet Friday evening, February 27. At the last named date the council met and a motion was offered declaring the seat of John A. Miller vacant by reason of his removal from the ward, and that the council proceed to elect a member to fill the vacancy. This motion was carried, six members voting in the affirmative and none in the negative. Afterward at the same meeting John Moulds and John W. Dowell were nominated for election to fill the vacancy, and on the first ballot John Moulds received five votes and John W. Dowell two votes, whereupon the president of the council declared Mr. Moulds elected. The meeting at which this action was had was the last meeting of the council for that year. The new council met for organization March 2, at which meeting a resolution was passed declaring that a vacancy existed in the council by reason of the removal of John A. Miller from his ward, and that no one had been legally appointed or elected to fill the vacancy, and that no person claiming to be elected to fill the vacancy should be recognized as a member of the body, and thereafter John Moulds was not permitted to take part in its deliberations. Because of this action he instituted the proceeding brought up for review in this case.

Upon the face of the records of the council the election of Moulds appears to have been regular. It is objected, however, by the appellants that it was invalid for two reasons: first, because he did not receive the requisite number of votes, and second, because an election could not be lawfully held at the meeting at which he was voted for. It is alleged in the answer filed by the appellants in the court below that there

were ten members present at the meeting at which the election was held, and that three of the members did not vote for any candidate, and the appellants now contend that inasmuch as ten members of the council were present and that only five voted for Moulds, he was not lawfully elected to fill the vacancy. We are unable to concur in this view of the case. It is conceded that a quorum of the council was present at the meeting when the vote was taken on the election of a member to fill the vacancy, and that a majority voted upon that subject. The resolution to proceed to an election to fill the vacancy was carried not only by a majority of the quorum but by a majority of the whole body. A quorum being present, this was authorized to transact any business which might lawfully come before the body in the absence of special limitations or restrictions upon that power. It is a rule of the common law and generally of all parliamentary bodies that when a quorum is present the act of a majority of the quorum is the act of the body : 2 Kent's Com. 293 ; Buell v. Buckingham, 16 Iowa, 284 ; 2 Cook's Corp. sec. 713*a* ; 1 Dillon on Municipal Corp. secs. 216, 217 ; United States v. Ballin, 144 U. S. 1 (12 Sup. Ct. Repr. 507).

The election having been regularly ordered by the vote of the council and the body having proceeded to the order of business so appointed, the person receiving a majority of the votes of the elective body was lawfully elected, notwithstanding the fact that some of the electors neglected to vote. The nonvoting members had not the power to prevent the adoption of the resolution to proceed to an election ; no more had they power by their silence to prevent the action of the body in carrying out the election proposed. In 1 Wilcock's Municipal Corp. sec. 546, the doctrine is thus stated : " After an election has been properly proposed, whoever has a majority of those who vote, the assembly being sufficient, is elected, although a majority of the entire assembly altogether abstain from voting because their presence suffices to constitute the elective body, and if they neglect to vote, it is their own fault and shall not invalidate the act of others, but be construed an assent to the determination of the majority of those who do vote." The same rule is stated in Horr & Bemis on Municipal Ordinances, sec. 43, as follows : " Those who are present and help to make up the quorum are expected to vote on every question, and

their presence alone is enough to make the vote decisive and binding whether they actually vote or not. The object of legislation cannot be defeated by the refusal of any one to vote when present."

In Launtz v. People, 113 Ill. 137, SHELDON, J., in delivering the opinion of the court, quotes from Wilcock on Corp. with approbation in support of the doctrine now stated. In the case of Attorney General v. Shepard, 62 N. H. 383, it was held that an ordinance was valid where adopted by a majority of a quorum, although three of six members present neglected to vote. In the course of his opinion Chief Justice DOE said: " The exercise of law-making power is not stopped by the mere silence and inaction of some of the lawmakers who are present." In Rushville Gas Co. v. City of Rushville, 6 L. R. A. 315, the question came before the Supreme Court of Indiana, and was decided in accordance with the view here expressed. The same doctrine is asserted in State v. Green, 37 Ohio State, 227 ; Gosling v. Veley, 4 H. L. Cases, 679 ; State v. Deliesseline, 1 McCord, 52. We have here a case of an election regularly ordered and held, at which a majority of the elective body voted. Such an election entitles the person receiving a majority of votes to hold the office in question.

The objection that the vacancy could not be filled at the meeting at which the action of the council was had is not supported by the facts. The meeting was a regular adjourned meeting. A regular meeting may adjourn to a definite future day, and at such adjourned meeting the body may transact any business which might have been transacted at the meeting from which the adjournment was had. An adjourned meeting is the continuation of the stated meeting. Members are not entitled to notice of the time of an adjourned meeting. They are presumed to have notice.

It would be putting a too narrow construction on the language used in the motion for the adjourned meeting to hold that it limited the power of the council at the adjourned meeting. The motion was to adjourn to a date fixed " for the purpose of closing up the old business of the council." This means the completing of the business of the outgoing council, and it is not by its necessary meaning or ordinary construction a limitation on the power of the council.

John Moulds was therefore entitled to a seat in the council. That he received a certificate of election from the clerk of the council is not material. His right to a seat grows out of the fact that he was lawfully elected thereto. The subsequent action of the council in voting for another person for the place was void. There was no vacancy to be filled.

The objection that the proceeding in this case was not conducted in conformity with the requirements of the Act of June 8, 1893, P. L. 345, regulating proceedings by mandamus in that an alternative writ was not issued would be valid if there were any material facts in dispute. The granting of a rule to show cause why a writ should not issue was irregular, but the respondents answered the rule, and the evidence taken before the court presented all the facts out of which the controversy arose.

The proviso in the second section of the act of 1893, supra, declares " that if the right to require performance of the act is clear and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be awarded in the first instance and directed to issue forthwith." The evidence taken before the court below established a clear right in the petitioner, and the court was justified in awarding the writ in the first instance. It appears moreover from the opinion of the court that at the hearing in the court below the irregularity was waived.

Mandamus is an appropriate remedy on the facts presented: Com. v. Councils of Pittsburg, 34 Pa. 496. The petitioner was entitled to his office. No other person claimed to hold the same office at the time the proceedings were instituted. He qualified as a member of the council and entered upon the duties of his office. A majority of the council after the reorganization refused to permit him to take part in its proceedings. He is therefore entitled to the relief prayed for.

The appeal is dismissed and the decree affirmed at the cost of the appellants.