## Frackville Borough Council Case.

Argued May 24, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*H. O. Bechtel,* with him *M. A. Kilker* and *Cyril Kilker,* for appellant.—The Act of May 4, 1927, P. L. 519, is a penal act and should be construed strictly. It is not mandatory in its provisions and does not require the court to remove anyone, simply conferring upon it the power by the use of the word "may": Montoursville Councilmen, 34 Pa. C. C. R., 223, 227; Uniontown Boro. Councilmen, 38 Pa. C. C. R. 436; Redstone Twp. School Dist., 284 Pa. 325.

"It was not necessary that all of the members be present to make valid the action taken. A quorum was all that was required under the circumstances appearing. 'If all have notice [or waive it], two [out of three] shall form the board, and their acts bind the absent [one] as if it were a stated or adjourned meeting:'" Redstone Twp. S. Dist., 284 Pa. 325.

*Charles E. Berger,* with him *G. Harold Watkins,* for appellees.—There was an abuse of power by temporary chairman of organization meeting of council in declaring adjournment of meeting: Edward v. Harrison, 19 Luz. 169.

We contend that the usual meeting place of the borough council cannot be changed by less than a majority of a quorum: Nasson v. Poor Directors, 126 Pa. 445; Edsall v. Boro., 220 Pa. 591; Pike County v. Rowland, 94 Pa. 238; Com. v. Glass, 295 Pa. 291; Mitchell v. Kerns, 16 Pa. Superior Ct. 357.

The members of the borough council of Frackville were equally delinquent: Lemoyne Boro. Councilmen, 15 Pa. Dist. 241.

The majority of the members of the town council never called a meeting at other than the usual place of meeting.

OPINION BY MR. JUSTICE DREW, June 30, 1932:

Frackville is an incorporated borough composed of three wards, with three councilmen from each ward. By

section 1001 of the General Borough Act of May 4, 1927, P. L. 519, the borough council is required to organize, by electing a president, treasurer, and secretary, at eight o'clock post meridian on the first Monday of January of each even-numbered year, and, by section 1004, it is provided that "If the council of any borough shall fail to organize within ten days from the time prescribed in this article, the court of quarter sessions, upon the petition of ten taxable inhabitants,......shall issue a rule upon the delinquent to show cause why their seats should not be declared vacant......After hearing, the court may declare the seats of such delinquent councilmen vacant, and appoint others in their stead, who shall hold their office for the unexpired term." On February 2, 1932, ten taxpayers of Frackville presented a petition to the Court of Quarter Sessions of Schuylkill County, averring that the borough council had failed to comply with the duty imposed by section 1001, and a rule was issued by the court upon all the councilmen to show cause why their seats should not be declared vacant. To this rule Councilmen Richardson, Swirsky, Gray, Ferguson and Rogers filed an answer, alleging that the council had organized fully, and the law had been complied with in all particulars. After a hearing upon the issue, the court entered judgment of ouster against all the members of the council, from which the five defending councilmen appealed, assigning as error the entry of the judgment. There is no dispute as to the facts of the case; the only issue raised is whether the council properly effected an organization within ten days after the first Monday of January, 1932.

On January 4, 1932 (that being the first Monday of January), at eight o'clock in the evening, eight of the councilmen met for the purpose of organization at the borough council chamber, a room in the municipal building which had been used for council meetings since 1911. The other councilman, Rogers, was unavoidably absent because of illness. The chief burgess was also absent,

although it was his duty to preside at the organization meeting, and Councilman Richardson was elected temporary chairman. The attempt to effect an organization failed, the vote for each office being four to four. It was then moved and seconded that the meeting be adjourned to meet at the home of Councilman Rogers, at eight o'clock on the evening of January 7th. This motion the chair declared carried. The minutes of the meeting show that four members of the council immediately declared that they had voted against the motion, and a division was called for, but this the chair refused to grant, and declared the meeting adjourned to meet at the home of Rogers. On January 6, 1932, notices signed by Richardson, as temporary chairman, were served upon Councilmen Harris, Berger, James and Wagner, that a meeting would be held on January 7th at the home of Rogers for the purpose of organization. This meeting, attended by Councilmen Richardson, Swirsky, Gray, Ferguson and Rogers, as well as the chief burgess, who presided, effected an organization, electing all the necessary officers of the borough. The other four councilmen went to the council chamber.

On January 11, 1932, apparently out of an overabundance of caution, notices were again served upon Councilmen Harris, Berger, James and Wagner, this time signed by the chief burgess and the other five councilmen, and stating that a meeting for the purpose of organization would be held at the council chamber on January 13th at seven o'clock in the evening. This meeting was attended by the chief burgess and Councilmen Richardson, Swirsky, Gray and Ferguson, Rogers being unable to leave his home. They waited for some time for the others, but none of the group which had refused to attend the previous meeting at Rogers's home appeared. Being unable to transact any business in the absence of a quorum, they adopted a motion to adjourn and meet at the home of Rogers the following evening at eight o'clock. On January 13th, notices were served

upon the absent members, signed by the chief burgess, stating that the meeting called for January 13th was, on motion, adjourned to Rogers's home, to meet January 14th, at eight p. m. At that time, Councilmen Richardson, Swirsky, Gray, Ferguson and Rogers attended, and the officers of the borough were again elected.

The petitioning taxpayers, appellees here, contend that the borough council could meet in no other place than the chamber in the municipal building unless authorized to do so by a majority vote, that the motion to adjourn to Rogers's home made at the meeting of January 4th was lost, and that, therefore, no valid organization of the council could be made at a meeting at that place. With this argument we do not agree. While the motion made at the meeting of January 4th to adjourn to the home of Councilman Rogers was defeated, as is proved by the minutes of the meeting and by the testimony of four of the eight members present, it was imperative that another meeting be called if the council was to perform the duty imposed upon it by the statute. As Councilman Richardson continued in his capacity as temporary chairman until the council elected a permanent president or he was superseded in some orderly and recognized parliamentary fashion (Com. v. Patterson, 158 Pa. 476), it was entirely legal and proper for him to call the meeting of January 7th for the purpose of organization. "In the absence of statutory or other prescribed methods, the meeting need not be assembled in any particular mode; it will be sufficient if the [councilmen] are properly or personally notified that the meeting will be held": Redstone Township School District, 284 Pa. 325. The requirement of notice was carefully complied with, signed notifications, which were admittedly received, having been presented to all the councilmen who absented themselves from the meeting. We see no defect in the manner in which that meeting was called. The rules of order adopted by the Frackville Council provide that a majority of the council shall

constitute a quorum. The election of officers by a quorum of the council on the evening of January 7th was as valid and effective an organization as if the whole body had been present. "It is a rule of the common law and generally of all parliamentary bodies that when a quorum is present the act of a majority of the quorum is the act of the body": Commonwealth v. Fleming, 23 Pa. Superior Ct. 404.

Petitioners' contention that, inasmuch as the council had regularly met at the council chamber in the municipal building since 1911, a meeting at any other place is of no validity, is equally devoid of merit. It was obvious that, if the council was to perform its duty of organization, a meeting at which Councilman Rogers could be present was a necessity. As he was unable to leave his home, that was the only place the meeting could be held. Our attention has been called to no rule which forbids the council from organizing elsewhere than at the chamber in the municipal building. It was of no importance where the council organized, within the borough, if all the members were notified, but it was urgent and necessary that the meeting be held at Rogers's home, the only place where organization was possible. Under the circumstances here present, we can see no irregularity in the action taken. The four councilmen who refused to attend that meeting were, in our opinion, guilty of a deliberate attempt to obstruct the organization of the governing body of Frackville. The only reason they refused to meet at Rogers's home was because they knew he would break the tie vote and their candidates would be defeated. Their bad faith is shown by their refusal to attend any meeting when Rogers could be present, and by the fact that even when a later meeting was called at the borough council chamber and they were given another chance to participate, they refused to attend. To hold that the council could not meet at the home of a sick member, when it was the only place where an organization was possible, and when a major-

ity of the members favored it, would be to place unnecessary and unreasonable difficulties in the way of organization of every borough council in which factions are very nearly equal. This we will not do.

The judgment of ouster is reversed, costs to be paid by the appellees.