## Commonwealth ex rel. v. Dellaquilla

*J. Paul MacElree*, for relator.

*Truman D. Wade, D. J. C. O'Donnell*, for respondent.

WINDLE, P. J., June 24, 1946.—This is a writ of quo warranto issued at the suggestion of Joseph G. McKeone, District Attorney of Chester County, on information of six residents and taxpayers of the Borough of Phoenixville in this county. It questions the right of defendant to exercise the office, rights and powers of burgess of said Borough of Phoenixville. To the answer, duly filed, a demurrer was in turn filed so that the matter comes before the court on the facts properly pleaded and not denied in the suggestion and answer. After argument the matter is ready for disposition. We have no doubt that a decree of ouster must be entered.

The facts are briefly as follows: At a meeting of the Borough Council of the Borough of Phoenixville, consisting of 12 councilmen, held April 2, 1946, the resignation of the duly elected burgess of that municipality was accepted, wherefore a vacancy in said office of burgess existed. The vacancy was not filled but an adjourned meeting of council was fixed for April 16, 1946, for the purpose of electing a burgess. At said meeting two nominations for said office were made but as a result of a tie vote—six councilmen voting for one candidate and six for the other— no one was elected. A motion to adjourn was lost, whereupon the meeting was recessed until April 23, 1946. At the meeting held on that date only six members of borough council were present. They passed a resolution, all members present voting in favor of it, appointing Dominic R. Dellaquila, defendant, who was one of the members present and voting, Burgess of the Borough of Phoenixville to fill the unexpired term of the elected burgess who had resigned as above. Defendant thereupon resigned as councilman of the borough, which resignation was accepted, and on the following day took the oath of office as burgess. Since that date he has been acting as said officer and exercising the office, rights and powers thereof.

The General Borough Act of May 4, 1927, P. L. 519, as amended, provides that a majority of the members of borough council constitute a quorum. That defendant does not question. Nor does he question the necessity of the presence of a quorum at a meeting for the legal transaction of business—for which, of course, no authorities need be cited. He contends, however, that the meeting of council here under consideration, held April 23, 1946, was a "recessed meeting" of the one held April 16, 1946—that it was all one and the same meeting—and that because there was a quorum present on the earlier date

members of council constituting no quorum could transact business on the later date and could properly then elect a burgess. The statement of the proposition answers itself. If it were sound, then at any meeting of council after a sufficient number of councilmen to constitute a quorum had answered roll call all but one thereof could leave the council chamber and he alone could legally do business. That of course is not so. A quorum—in this instance a majority of the members of council, to wit, seven—must be present in order for council to transact business legally and action taken when the number of councilmen present is less than a quorum is invalid and of no effect. Since but six members of a 12-man council were present when the resolution electing defendant burgess was adopted, said resolution was not validly enacted and the election was not legal.

We know of no authorities supporting the novel proposition here presented on behalf of defendant and our attention has been directed to none. Certainly reason and logic furnish no such support. We are familiar with Commonwealth ex rel. v. Fleming, 23 Pa. Superior Ct. 404, but, because of the factual situation there, it has no bearing here. Commonwealth ex rel. v. Hill, 11 Northumb. 361, considers the concerted action of members in absenting themselves from a council meeting—here alleged to exist—holding that the presence of 10 members of a 20-man council constitute no quorum, regardless of any such agreed upon absences. And many other cases hold that less than a majority of the members of council do not constitute a quorum for the transaction of business.

We consider it unnecessary further to labor this subject. If the meeting of April 23, 1946, were an adjourned meeting of council within the meaning of the General Borough Act of 1927, no quorum was present and council could transact no business save agree upon another date "for like business" as that for which the

meeting was called: Act of May 28, 1945, P. L. 1089, 53 PS §12896. If it were a continuation of the meeting of April 16, 1946, on defendant's theory that said latter meeting was recessed only and not adjourned and there was no break in continuity, still no quorum was present on the later date and no business could properly be transacted. In either event the election of defendant as burgess is invalid and illegal.

Judgment is entered in favor of the Commonwealth. It is ordered and adjudged that Dominic R. Dellaquila, defendant, be ousted and altogether excluded from the office of Burgess of the Borough of Phoenixville, Chester County, Pa.

Defendant will pay the costs.