## Commonwealth ex rel. v. Novinger

*Richard D. Walker*, First Assistant District Attorney; *Huette F. Dowling*, District Attorney for Commonwealth.

*Robert A. Enders*, for complainant.

*Henry E. Harner*, for respondent.

LANSBERRY, P. J., (specially presiding), December 19, 1955.—This action in quo warranto was instituted to determine the right of Pauline Meckley Novinger to serve as a school director and secretary of the board of the fourth class school district of Jackson Township, Dauphin County. Mrs. Novinger contends she was

legally elected to fill the vacancy on the school board and also as secretary, which vacancies were caused by death of a director who likewise was secretary of that board. The issue here is the compliance or non-compliance by the remaining members of the board with the applicable law in her alleged election to both offices.

Quo warranto is the proper and exclusive action to try title to the office of school director: Sewickley Township School District's Appeal, 327 Pa. 396; Driskel v. O'Connor, 339 Pa. 556. So likewise quo warranto is the proper action to determine title to various school district offices of which the office of secretary is one: Commonwealth ex rel. v. Haeseler, 161 Pa. 92. The proceedings here are regular and the jurisdiction of the Court of Common Pleas of Dauphin County is undoubted.

At the hearing relator was permitted, over objection, to present parol testimony to supply the alleged deficiencies of the official minutes of the board. It is now contended by defendants that the reception of this parol testimony was both erroneous and prejudicial. Generally speaking the minutes of the school board meeting are the best evidence of the action taken by the board (Commonwealth ex rel. v. School District of Sunbury, 335 Pa. 6) and in those matters, where statutory requirements prevail, the official minutes are the only evidence of the board's actions: Pittsburgh School District Appeal, 356 Pa. 282. The applicable rule of law is stated in Price v. Taylor Borough School District, 157 Pa. Superior Ct. 188, 193, as follows:

"It is only where a statute requires that the actions of the board be evidenced by written minutes of specified content before the school district may be bound that parol evidence of what transpired at a meeting must be excluded."

Judge Rosenfeld in Litchfield Township Supervisors, 65 D. & C. 108, 121, referring to Price v. Taylor Borough School District, supra, stated the rule in the following language: " . . . the acts of a municipal corporation may be proven otherwise than by minutes, unless the statute requires that the actions of the board be evidenced by the minutes of a specified content."

The question is thus presented whether the Public School Code of March 10, 1949, P. L. 30, requires the action of the remaining directors in filling a vacancy on the board of directors to be evidenced by the minutes of a specified content. If the code so requires, the parol evidence was inadmissible and if the code does not require minutes of a specified content in that action, parol testimony may be admitted. No such requirement is contained in the specific section of the Public School Code of 1949 providing for the filling of board vacancies, 24 PS §3-315. Nor does the section of the code requiring the affirmative vote of a majority of all the members of a school board duly recorded showing how each member voted on various matters include in that catalogue the action of the remaining members of the board in filling a board vacancy: 24 PS §5-508. In none of the many cases cited to that latter section of the code is there any reference to the matter of filling a board vacancy: 35 Vale (Pa.) §58. The same situation exists with reference to filling the secretary vacancy. The action of these remaining directors not being one of those requiring minutes of a specified content, we are, therefore, of opinion that no error was committed in the admission of relevant testimony aliunde the minutes as to either vacancy.

In view of this conclusion as to the admission of the testimony, we may now proceed to an examination

of the record itself. Relator instituted this action in quo warranto against Pauline Meckley Novinger in the former's capacity as District Attorney of Dauphin County; Jackson Township School District is a school district of the fourth class and immediately prior to December 23, 1954, had five duly elected and qualified directors; on that date, one of the directors, Fred Meckley, who was also the duly elected and qualified secretary of the board, died, thereby creating a vacancy in the office of the school director and also that of board secretary; proper notice was given to the remaining four members of the board for a special meeting set for December 28, 1954, which special meeting was attended by the four remaining board members and presided over by Walter Parmer, president of the board, and called for the specific purpose of filling the vacancy on the board of directors and in the office of secretary; at the meeting the president designated a secretary pro tempore and some minutes of the meeting were made.

Wm. Hoffman, a director, made a motion that Mrs. Lee Novinger be elected director and secretary, which motion was seconded by Henry Enders, another director; Russell Lentz, a director, made a motion that Elmer Gerhard be elected director and secretary, which motion was seconded by director Hoffman; directors Enders and Hoffman voted for Mrs. Novinger and director Lentz voted for Elmer Gerhard; director Parmer, president of the board, did not vote for either of the nominees but "declared Pauline Meckley Novinger duly elected director and to the office of secretary"; subsequent to the special meeting, Pauline Meckley Novinger qualified and has been serving in the capacity of director and secretary.

Two principal questions are thus presented, whether or not Pauline Meckley Novinger was legally elected as a school director and whether or not she was legally

elected secretary of the board. We shall consider these questions in the order stated.

We may observe at the outset that the fact that the president of the board merely declared that Mrs. Novinger was duly elected a director and to the office of secretary did not ipso facto constitute her election to these offices. Nor did that statement of the president at the conclusion of the voting constitute his vote for or against the motion either in fact or by inference. The evidence conclusively shows the president did not cast a vote either affirmative or negative on either motion before the board; in fact, he stated he was of the opinion that he did not have a vote in the matter of filling the vacancy of a board membership; that he was of an erroneous opinion in this respect is of no moment here. Manifestly only two affirmative votes were cast and recorded for Mrs. Novinger for director and only one affirmative vote was cast for Mr. Gerhard for director and recorded.

The Public School Code of March 10, 1949, P. L. 30, provides in section 315, as amended, 24 PS §3-315, for the filling of vacancies on school boards in fourth class districts, the pertinent provisions of the code being as follows: " . . . and in a school district of the . . . fourth classes, the remaining members of the board of school directors shall, by a majority vote thereof, fill such vacancy within thirty (30) days thereafter . . . ". This language is precise and clear. The crucial phrases are "remaining members of the board" and "by a majority thereof". Applying that language to the facts in this case, can it mean anything other than that three affirmative votes of the four remaining members of the board were necessary to legally elect a successor director?

Three is unquestionably the majority of four. Webster's New International Dictionary, 2nd ed. 1953,

defines majority as: "The greater of two numbers that are regarded as parts of a whole or total; the number greater than half; more than half of any total." And in Application of McGovern, 44 N. Y. S. 2d. 132, 137, this definition was judicially recognized wherein it is said: "A majority is the number greater than half or more than half of any total", and in discussing a "majority of a quorum" the court further said: "It is clear that two (2) committeemen, out of a total of four (4) committeemen, do not constitute a majority of a quorum, both as a matter of simple arithmetic and plain interpretation of the English language."

Similarly in Mann v. Housing Authority of City of Patterson, 20 N. J. Super. 276, 89 A. 2d 725: " . . . and by the word majority is meant the greater number, more than half of the whole number of a given number or group, a majority of voters is the greater part of such voters."

Hence, we must conclude that three is and must be regarded as a majority of the four remaining members of this board of school directors and since only two of the directors voted affirmatively for the motion placing her name in nomination as a school director, that part of the motion was not carried and Mrs. Novinger was not legally elected to the vacant directorship since she failed to receive a majority vote of the remaining members of the board.

The conclusion we have reached as to this phase of the instant case is supported in substance, although different in the facts, by the case of Wells Township School District's Directors, 297 Pa. 242 (1929). In that fourth class school district two directors resigned and two of the remaining directors, after notifying the third remaining director, accordingly met at a regular meeting within 30 days of the resignations;

the third member did not attend the meeting; the two members proceeded by their two votes to elect a successor to one of the resigned members; these three then met, also within the 30 days' period, and elected a successor to the other resigned member; the matter came on for judicial determination, the query being, where two vacancies exist in a school board of five directors, may two directors at a regular meeting, after notice to the third, fill the vacancy?

The question was determined in the negative and the action of the two remaining members filling the first vacancy and of the two remaining members together with the one they elected in filling the second vacancy was declared void. The court further held their action was not validated by virtue of the letter otherwise of the county superintendent of schools.

The court held that no less than three members were necessary to constitute a quorum of a school district of the fourth class, that all three had to be present to transact business, that this quorum or majority was not reduced by the absence of the third remaining member and specifically stated: " 'Remaining members' means all members in office when the vacancies occur, and action by less than that number is not the action of the remaining members. 'Majority vote' of the remaining members contemplates concerted action of those members; at least they must be present in an official capacity attending a meeting at which a given action was taken."

While it is true that all four of the remaining members in the instant case were present, it is equally true that the action thereof was not by all the remaining members. The least characteristic of "concerted action" is the attendance of the remaining members in an official capacity; the statute requires more than their presence when there are four remaining mem-

bers; concerted action in that situation requires at least three affirmative votes to pass a motion where a majority is required of four who are all required to attend the meeting. Suppose that Parmer had voted negatively on the motion to elect Mrs. Novinger or suppose that he had joined with director Lentz in voting affirmatively for Elmer Gerhard for director, would anyone contend that Mrs. Novinger or Mr. Gerhard had been elected? Obviously not, for in either instance neither would have had a majority of the remaining members' votes. The provision of the statute here under consideration is mandatory and it will not admit of any strained or artificial construction. We can only add as to this branch of the case: " . . . it is of paramount importance that municipal and school authorities should be held to strict compliance with legal requirements in the transaction of public affairs": Wilds v. McKeesport City School District, 336 Pa. 275, 284.

We may now pass to a consideration of the second question presented, whether or not Mrs. Novinger was legally elected to the office of secretary of the board. The basic provision of the Public School Code of 1949 with reference to filling a vacancy in the office of the secretary is contained in section 404, 24 PS §4-404, which section primarily provides for the permanent organization of the board and election of officers in second, third and fourth class districts and is as follows:

"In each school district of the second, third and fourth class, the school directors shall effect a permanent organization by electing, on the first Monday of December, from their members, a president and vice-president, each to serve for one year, and shall annually, during the month of May, elect a treasurer

to serve for one year, beginning the first Monday in July following such election, and shall, during the month of May, one thousand nine hundred and fifty-three, and every four years thereafter, elect a secretary for a term of four years, beginning the first Monday of July following such election. The secretary shall, at the time of his election and during his term of office, be a resident of the district. The treasurer may be any corporation duly qualified and legally authorized to transact a fiduciary business in the Commonwealth. Vacancies in the office of secretary shall be filled for the unexpired term. In school districts of the second class the secretary and treasurer shall not be members of the board. In districts of the third and fourth class they may be members of the board. The same person shall not be secretary and treasurer of any board of school directors.

"No superintendent, assistant superintendent, supervising principal, or teacher shall serve, either temporarily or permanently, as an officer of the school board by which he is employed": Act of March 10, 1949, P. L. 30, art. IV, sec. 404.

The applicable portions of the section are "vacancies in the office of secretary shall be filled for the unexpired term," and that the secretary shall be a resident of the district and may be a member of the board but may not at the same time be treasurer of the board or a professional employe of that board. The code is otherwise silent as to any other requirements or the specific procedure to be followed in filling a vacancy in the office of secretary. It will be observed that the office of secretary and as well the office of treasurer of the board shall be filled in the permanent organization by "Electing" a suitable person, whereas the solicitor, other appointees, clerk or employe shall be "appointed" by the board of school directors which

shall define their duties and fix their salaries: sec. 406, 24 PS §4-406.

Thus it would appear that the selection of the secretary and treasurer of the board would be on a more formal basis than that of the selection of the solicitor and other employes and that in the matter of the selection of a secretary and a treasurer a vote is contemplated whereas in the selection of a solicitor and other appointees or employes a less formal method of designation is sufficient. It is also significant in examining the provisions of the code that section 508 as amended, 24 PS §5-508, which catalogues the items requiring the affirmative majority vote of all the members of the board, duly recorded and showing how each member voted, does not include the action of the board in filling a vacancy in the office of secretary, but that section does apply in fixing salaries or compensation, inter alia, of the officers of the board of which the secretary is one.

Notwithstanding the specific procedure for the selection of a secretary in the event of a vacancy is not spelled out in the code, the applicable law is well settled. Section 422 of the code provides that "a majority of the members of the board of school directors shall be a quorum": 24 PS §4-422. Three is a majority of five and, therefore, three members constitute a quorum, which, in the absence of legislation specifically providing otherwise, may conduct this business of the board. It will be quickly observed that the requirement that all remaining members of the board participate in the filling of a vacant directorship is not the requirement when the vacancy in the office of secretary is filled. By the common law and where no specific legislation prevails, a majority of those authorized to do business may act and having acted that action is deemed the action of the board group or body

in matters within their respective jurisdictions. It, therefore, follows that, the four members of this board having been convened for the specific purpose of filling the two vacancies created by the death of director Meckley, more than a quorum was present, and the board as constituted was qualified to attend to the business at hand; one of the directors having declined to vote either way on the motions presented reduced the number participating in the actual voting to three, a quorum; of the three votes cast, Mrs. Novinger having received two thereof, received a majority of the votes cast for secretary which is also a majority of the quorum necessary to transact business and was accordingly elected to the office of secretary.

The conclusion we have reached in the matter of filling the vacancy in the office of secretary is based upon the common law rules which prevail in Pennsylvania since there is no specific statutory rule in the premises. Agreeable to the common law, action may be taken by a majority of the members present if they are sufficient in number to constitute a quorum of the body (Commonwealth ex rel. v. Wozney, 326 Pa. 494) and the second applicable common law rule is: "It is a rule of the common law and generally of all parliamentary bodies that when a quorum is present the act of a majority of the quorum is the act of the body": Commonwealth v. Fleming, 23 Pa. Superior Ct. 404; Brackville Borough Council Case, 308 Pa. 579; Meixell v. Hellertown Borough Council, 370 Pa. 420, 426.

We need only point out again that there is no specific procedural requirement applicable in the filling of a vacancy in the office of school board secretary, that the common law rules prevail and are applicable here and that under those rules appropriate action may be taken by a majority if that majority present

constitutes a quorum, as it does here, and that the action of the majority of the quorum is the legal action of the body, here the board of directors as constituted at the time. The fact that there was actually a vacancy in the board of directors when the secretary's vacancy was filled does not nullify the action for the reason that a quorum of the board was present and acting and a quorum was sufficient to transact this item of business. Nor does the fact that the motions as made include both vacancies; the motions were severable; the invalidity of a portion of the motion because legal requirements had not been fulfilled did not invalidate the valid portion of the motion wherein the legal requirements had been met.

On the whole case we are of the opinion for the reasons set forth that Mrs. Novinger was not legally elected to fill the vacancy in the office of director but that she was legally elected to fill the vacancy in the office of secretary. Accordingly, we shall allow the writ sought as to the directorship but decline the same as to the office of secretary, and direct the vacancy in the office of school director to be filled in the manner provided by law which we do in the following

### Order

Now, December 19, 1955, for the reasons set forth in the foregoing opinion, judgment of ouster is herewith declared against Pauline Meckley Novinger, currently serving as a school director in the fourth class school district of Jackson Township, Dauphin County; the vacancy in said office shall be filled in the manner provided by law; the prayer of plaintiff's complaint that the court oust defendant from the office of secretary is herewith denied; the record costs of this proceeding to be paid by the school district.