## Grove City Borough Petition

*David Ketler*, for respondent.

ACKER, J., February 16, 1970.—This court has received two petitions for the appointment of councilmen for the Borough of Grove City. The first petition is signed by seven persons, six of whom have stated their addresses as being within the borough, the seventh giving no address, and requesting the court

pursuant to the Act of February 1, 1966, P. L. (1965) 1656, sec. 901, 53 PS §45901, to appoint Nial Mc-Camey as councilman for the Fifth Ward of the Borough of Grove City on the basis that there is a claimed unexpired term for that position. The second petition signed by eight persons, seven of whom have given their addresses within the Borough of Grove City and the eighth listing no address, under the same statute asking for the appointment of James L. Swaney to be appointed to fill an alleged vacancy in the Second Ward of the Borough of Grove City.

By an order of this court on July 8, 1969, the Borough of Grove City was redistricted and a fifth ward was created. The redistricting by that order was to become effective immediately after the general election to be held in November of 1969. Borough council was at that time to be composed of 10 councilmen, two of whom shall be elected from each of the said wards.[1] The next municipal election in 1971 is the first election at which council seats could be filled by the electors.

The apparent position of petitioners now is that because council has not filled the positions the court must.

The contention of petitioners could be simply answered that the entire purpose of the redistricting was to give the citizens of Grove City the opportunity to be properly represented by elected officials. Those elections cannot occur until 1971. To have appointed officials until that time is defeating the very purpose and spirit of the order, that is, it is taking away from the people the opportunity of being governed by those that they elect. Even more, however, there is no statutory authority for the position espoused by petitioners. The Act of February 1, 1966,

---

[1] By the redistricting, one of the councilmen formerly living in the second ward now lives in the new fifth ward.

No. 581, sec. 901, 53 PS §45901, relied upon by petitioners provides for the filling of vacancies in the event of "death, resignation, removal from the borough, or from a ward in the case of a ward office, or by failure to take the required oath or to give bond as provided by law or ordinance." Petitioners, however, contend that the additional language ". . . or in any other manner whatsoever," grants the authority to the court to consider their petition. This court has not been directed, nor does it in its independent research, find any judicial authority for the proposition now advanced. Nor does it believe that the words "or in any other manner whatsoever" enlarge or extend the power of appointment to the present factual situation. Further, it is not alleged that the council has failed or refused or neglected to act within 30 days after the vacancy happens. This requirement is based on the third paragraph of the statute which reads, "If the council of any borough shall refuse, fail or neglect, or be unable, for any reason whatsoever, to fill any vacancy within thirty days after the vacancy happens, as provided in this section, then the court of quarter sessions shall, upon petition of the mayor or council or five citizens of the borough, fill the vacancy in such office by the appointment of a qualified resident of the borough for the unexpired term of the office."

The petition does not set forth that borough council ever failed or refused or neglected or was unable for any reason to fill the vacancy. At the very least, assuming that there was to be a vacancy, this court would grant the council the right, even after the 30-day period to fill the vacancy before it would exercise any alleged right existing under this statute. The 30-day period is merely directory and unless time is of the essence council should make the appointment: Commonwealth ex rel. Fortney v. Wozney, 326 Pa. 494, 192 Atl. 648 (1937). Certainly, council cannot be

held to have failed unless they knew that there was a legal right existing to make such an appointment.

It is the conclusion of this court that there is no legal right either by council or the court and that the election of additional councilmen shall follow the normal courses provided by law to be decided by the people and that the prayers of the petitions are denied.[2]

### ORDER

And now, February 16, 1970, the petition praying the court to appoint a councilman for the second ward and the petition praying for the appointment of a councilman for the Fifth Ward of the Borough of Grove City are denied.

---

[2] The instruments which have been presented to this court both dated February 2, 1970, have been directed to be filed by the clerk of the court of common pleas, quarter sessions division, and have been considered as petitions, even though not sworn to as required by law for the purpose of terminating what might be protracted litigation by a refiling of the same matter after properly notarized.