507 A.2d 897

John Kurtiak, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs March 10, 1986, to Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*John Kurtiak,* appellant, for himself.

· *R. E. Valasek, R. E. Valesek Law Offices,* for appellee.

OPINION BY JUDGE CRAIG, April 7, 1986:

John Kurtiak appeals from a decision and order of the Court of Common Pleas of Allegheny County holding Kurtiak guilty of violating West Deer Township Ordinance No. 120, which required him to connect his property to the public sanitary sewer in order to dispose of sanitary wastes. Specifically, Kurtiak complains that, because the Board of Supervisors of West Deer Township did not publish Ordinance No. 120 in a local newspaper within the thirty-day post-adoption period specified in section C-1058 of the West Deer Township Home Rule Charter, the ordinance is invalid.

Section C-1058 states, in pertinent part:

Publication and Effective Date of Ordinances.

After adoption, all ordinances shall be published one time in a newspaper circulating generally within the Township. . . . *Publication shall occur* within thirty (30) days of the enactment of the ordinance. The effective date of the ordinance shall be the publication dates [sic] unless a later date is specified in the ordinance, or required by the laws of the Commonwealth of Pennsylvania. (Emphasis added.)

The issue that we must consider is: Does the failure to publish a new ordinance within the prescribed thirty-day post-adoption period necessarily invalidate it?

The word "shall" may be interpreted as either mandatory or directory. *Francis v. Corleto,* 418 Pa. 417, 211 A.2d 503 (1965). "The provisions of a statute requiring public officers to act within a specific time are generally regarded as directory, unless time is of the essence of the thing to be done or the statute indicates that the provision is to be regarded as mandatory." *Commonwealth ex rel. Fortney v. Wozney,* 326 Pa. 494, 497, 192 A. 648, 649 (1937).

A clear-cut illustration of a situation where proper timing is essential with respect to the enactment of ordinances is where the statute requires that the local governing body shall publish advance notice of the hearing at which members of the public may present their views in connection with the governing body's decision to adopt or reject the ordinance. Obviously, adequate notice must precede the hearing required by statute. *See Kurren Appeal,* 417 Pa. 623, 208 A.2d 853 (1965). In that situation, the timing is essential to achievement of the legislature's goal, which is clearly to enable public participation in the enactment process.

By contrast, the purpose of the post-enactment publication requirement in this case is to alert the public to the provisions of each new ordinance so that each citizen may govern his conduct accordingly, after the time at which the ordinance comes to his attention officially. Within limits, tardiness in post-adoption publication defers, but does not destroy, the accomplishment of that purpose. Therefore, the conclusion here must be that the failure of the township supervisors to publish the connection ordinance within thirty days after its enactment did not invalidate the ordinance, but merely had the effect of postponing, until the township finally accomplished the required publication much later, the effective date from which the ordinance became enforceable.

Accordingly, we affirm.

### ORDER

Now, April 7, 1986, the order of the Court of Common Pleas of Allegheny County, dated December 1, 1983, is affirmed.