## Commonwealth ex rel., Appellant, v. Blankenburg.

218   339
39SC 390

*Election law—Primary elections—Mandatory provisions as to time—Act of February 17, 1906, P. L. 36.*

The provisions of section 3 of the Act of February 17, 1906, P. L. 36, known as the "Uniform Primaries Act" specifying the exact time when notices are to be sent to the county commissioners and the time when publication shall begin, are mandatory as to the times specified, and must be strictly followed where vacancies are known in advance in the usual time. Other vacancies "happening or existing after the date of the primary" are to be filled under section 12 of the act.

Argued May 14, 1907. Appeal No. 209 Jan. T., 1907, by Commonwealth ex rel. John L. Kinsey, F. Amedee Bregy and Edward W. Magill, from judgment of C. P. No. 3, Phila. Co., in a proceeding for mandamus, directed to Rudolph Blankenburg, Howard A. Chase and Charles P. Donnelly, County Commissioners of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for mandamus.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in overruling demurrer to return.

*Thomas Raeburn White, Alex. Simpson, Jr.* and *George S. Graham,* for appellant.—It is a well settled rule in the construction of a statute that directions as to the time or manner in which power was vested in a public officer is to be exercised in the absence of negative words construed to be directory and not mandatory : Pittsburg v. Coursin, 74 Pa. 400 ; Trustees of Erie Academy v. City of Erie, 31 Pa. 515 ; Magee v. Commonwealth, 46 Pa. 358 ; Bladen v. Philadelphia, 60 Pa. 464 ; Election Cases, 65 Pa. 20 ; Norwegian Street, 81 Pa. 349 ; Kilgore v. Magee, 85 Pa. 401 ; Hershberger v. City of Pittsburg, 115 Pa. 78 ; Lancaster County v. Lancaster City, 160 Pa. 411 ; Walker v. Edmonds, 197 Pa. 645 ; Duquesne Boro. v. Keeler, 213 Pa. 518 ; Erie City v.

Willis, 26 Pa. Superior Ct. 459; Com. v. Griest, 196 Pa. 396; Albright v. Sussex County Lake & Park Commission, 68 N. J. L. 523 (53 Atl. Repr. 612); People v. Cook, 14 Barbour, 259; The Matter of the Application of Douglass, 58 Barbour, 174.

*John H. Fow* and *Abraham M. Beitler*, for appellee.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 20, 1907:

The Act of February 17, 1906, P. L. 36, is an enactment to systematize, regulate and put under control of positive law, party nominations for public office. It is the latest of a series of statutes extending the direct and immediate control of law, over methods and details of the exercise of the elective franchise which previously had been left in the unrestricted discretion and control of individuals or party managers. Under the earlier system ballots were prepared by individuals or party officers in any form they desired, nominations were made by party machinery, usually conventions, under party rules and at irregular dates. Justly or unjustly these steps, which practically controlled nominations and elections, were exposed to the suspicion of manipulation not for convenience of party voters alone, but for undue advantage to individuals and party cliques.

The act of 1906 was passed to put an end to this system. Its first requirement is uniformity throughout the state, and in the first section it is enacted that it shall be known as the uniform primaries act. It provides that there shall be two primary elections in each year, one on the fourth Saturday before the February election, to be known as the winter primary, the other on the first Saturday of June (except in the years of presidential elections) to be known as the spring primary. These dates are fixed by the statute, and there is no claim by anyone that there is any discretion in anybody to alter them. Then follow a series of provisions which give rise to the present case.

So far as they are necessary to specify for present purposes they are contained in section 3, by which

(a) "On or before the ninth Saturday preceding the spring primary the Secretary of the Commonwealth shall send to the county commissioners a written notice setting forth the num-

ber of congressmen and officers of the commonwealth not nominated by state conventions, to be elected or voted for at the next succeeding general election."

(b) " Upon receipt of such notices and beginning within one week thereafter such county commissioners shall publish . . . . the names of all offices for which nominations are to be made or candidates for the party offices to be elected within the county at the ensuing primary, at least once each week for three successive weeks in two newpapers," etc.

By sections 4, 5, 6 et seq. the county commissioners are to prepare official primary ballots for each party, names may be put on the official ballot on petition by qualified electors filed at least four weeks prior to the primary with the secretary of the commonwealth, who immediately after such filing shall forward to the county commissioners a correct list of the candidates of each party for the various offices as contained in such petitions. These provisions do not refer to the exact matters now in controversy, but are referred to as bearing on the general intent and construction of the act.

The exact question is whether the provisions of section 3 as to time are mandatory. We do not understand that any claim is made that any of the requirements themselves are not mandatory, but that if circumstances are such that convenience can be served and the substance of the requirements obeyed, the direction as to time may be treated as directory only.

This contention is not tenable. As already said the things to be done are a series of prescribed steps for a prescribed purpose. The terminus ad quem whereto they all lead is the spring primary whose date is fixed and immovable. The initiatory step of the series is the notice by the secretary of the commonwealth to the county commissioners, and the next is the publication. For these the statute fixes in positive terms the exact time, " on or before the ninth Saturday preceding the spring primary," for the notice, and the publication to begin " within a week " after receipt of the notice, and to be " at least once each week for three successive weeks." The argument is that the substantial requirement is a reasonable time for the electors and others for the purpose indicated, and if that is given, the intent of the statutes is fulfilled. But

reasonable time is matter of opinion on which there may be large differences. It is plain as a practical matter that the duties imposed on the county commissioners and others in the preparation, distribution, etc., of ballots are such in a large city like Philadelphia that between the statutory dates there is no time to spare for even a diligent performance, and a delay in any of the steps throws all the subsequent ones back and interferes perhaps seriously with their performance. If the secretary may think seven weeks preceding the primary early enough for notice, and the county commissioners think two weeks after receipt of notice early enough to begin publication, there would be confusion at once, and who is to decide? But the conclusive objection is that this construction would restore in large measure the practical individual and party control of the whole subject which was the obnoxious feature of the previous system the act was intended to take away. What is reasonable time as already said is matter on which opinions may fairly differ, and to settle all questions on that subject the law itself fixes reasonable time and its provisions are mandatory.

If there were any doubt of this on the general construction of the act the provision of clause three of section two would effectually settle it. " No . . . . candidates for the public offices herein specified (shall) be nominated in any other manner than as set forth in this act." The principal object of the act was to break up " snap conventions " and other devices for unfair ends, under the old system, and one of its principal means of so doing was to enforce uniformity of time as well as methods. Its provisions for that purpose are mandatory.

It is not intended to express any opinion on the consequences of an omission or imperfect execution, accidental or intentional, of any of the prescribed steps, or the means of remedy in such case. It will be time enough to consider them if occasion should unfortunately arise.

The foregoing relates to the ordinary and regular mode under section three of the act of making nominations, where the vacancies are known in advance in the usual time. Other vacancies " happening or existing after the date of the primary " are to be filled under section twelve " in accordance

with the party rules as is now or hereafter may be provided by law."

The first Saturday of June, the date fixed by law for the primary election, comes this year on June 1, and the ninth Saturday preceding was March 30. Prior to the latter date the secretary of the commonwealth notified the county commissioners of Philadelphia of the vacancies in office to be nominated for at the primary, including, inter alia, two judges of the court of common pleas No. 1. This was in accordance with the facts as they were then and up to March 30, and the commissioners commenced the publication required by the statute, on April 5. On April 16, after the second of the three publications required had been made, the secretary notified the commissioners that an additional vacancy had occurred in common pleas No. 1 by the resignation of Judge BIDDLE, and under advice of counsel directed them to change their publication of notice, accordingly, and to print at the head of the judicial column of the official ballot the words "Vote for three." The commissioners under advice of counsel declined to follow this direction and this application is for a mandamus to compel them to do so.

The first notice from the secretary and the publication by the commissioners were in strict accordance with the law under the facts as they then were, and the proceedings were thus regularly commenced under section three. The provisions of that section as to time being mandatory the third vacancy occurred too late for the nomination to be made under that section and it necessarily, therefore, falls under the alternative provisions of section twelve.

The judgment is affirmed.