# Commonwealth *v.* City of South Bethlehem, Appellant.

*Constitutional law — Boroughs — Incorporation into cities of third class—Special election—Act of July 7, 1913, P. L. 694—Constitution of Pennsylvania, Art. XV, Sec. 1—Construction—Municipal election—General election.*

1. The Act of July 7, 1913, P. L. 694, providing that a borough may become incorporated into a city of the third class when a majority of the electors shall have voted in favor of the same at a special election held for the purpose, is violative of Art. XV, Sec. 1, of the Constitution of Pennsylvania, providing that "Cities may be chartered whenever a majority of the electors of any town or borough, having a population of at least ten thousand, shall vote at any general election in favor of the same," and a special election held for such purpose in pursuance of the provisions of such act, is void. The method of election prescribed by Art. XV, Sec. 1, of the Constitution, is exclusive.

2. A municipal election held in November of odd numbered years, in pursuance of Amendments 6 and 8, to the Constitution of Pennsylvania, is a general election within the meaning of Article XV, Sec. 1, of the Constitution.

3. The general subject matter of the Act of July 7, 1913, P. L. 694, is within the scope of the legislative power and the act violates the Constitution only in so far as it provides that the will of the electors as to the incorporation of a borough into a city of the third class, may be ascertained at a special instead of a general election.

Argued March 10, 1915. Appeal, No. 319, Jan. T., 1914, by defendants, from judgment of C. P. Northampton Co., Feb. T., 1914, No. 28, non obstante veredicto for Commonwealth in Case of Commonwealth of Pennsylvania, ex rel, John C. Bell, Attorney General, v. City of South Bethlehem, Mitchell Walters, Mayor; William Miller, Controller; Samuel Strauss, A. W. Leh, Chas. Drumbore, and Adam Brinker, Councilmen; George Getter, M. P. Cashner, Hugh Kelly, John M. Enright, and Mark Delvin, Aldermen. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Quo warranto to determine the right of the mayor and other city officers of South Bethlehem, a borough incorporated into a city of the third class at a special election under the Act of July 7, 1913, P. L. 694, to hold office. Before Barber, J., specially presiding.

The lower court, after verdict for the defendants, entered judgment for the Commonwealth non obstante veredicto, decreed that the special election held in the Borough of South Bethlehem, August 22, 1914, under the provisions of the Act of July 7, 1913, P. L. 694, and the letters patent issued September 10, 1910, constituting said borough a city of the third class by the name of the City of South Bethlehem, were null and void; and judgment of ouster was entered against the mayor, and other city officers. Defendants appealed.

*Error assigned* was the judgment of the court.

*G. R. Booth* and *John G. Johnson,* with them *H. A. Cyphers* and *W. S. Kirkpatrick,* for appellants.

*Asher Seip,* with him *John A. Moran,* for appellee.

Opinion by Mr. Justice Elkin, March 22, 1915:

The question involved in the present case is whether the Act of July 7, 1913, P. L. 694, which provides the method by which a borough may become incorporated into a city of the third class and requires that a majority of the electors shall vote in favor of the same at a special election held for this purpose, is in violation of Art. XV, Sec. 1, of the Constitution. The section in question reads as follows:

"Cities may be chartered whenever a majority of the electors of any town or borough, having a population of at least ten thousand, shall vote at any general election in favor of the same."

It is argued for appellants that the word "may" is used in a permissive sense and not as a constitutional

mandate; that is to say the power to become incorporated by a particular method does not exclude by implication or otherwise some other method equally effective. As applied to the language of the Constitution above quoted, we cannot accept this as the proper interpretation of the words used. It will be observed that the word "may" is used in connection with the power to grant charters to cities, and is separate and apart from the direction relating to the holding of an election to ascertain the will of the qualified electors, as to which the Constitution provides that the electors "shall vote at any general election" and this method of ascertaining the will of the majority is mandatory. Clearly, therefore the Constitution requires the vote of the electors of any borough, desiring to become incorporated as a city of the third class, to be taken at a general election. We need not stop to inquire why the framers of the organic law required this to be done; it is sufficient for our purposes to know that the constitution does so provide and we are not at liberty to disregard what has been so plainly written.

In the present case a special election was ordered and held. A majority of the electors voted in favor of being incorporated as a city of the third class at this special election, which was clearly in violation of the constitutional provision requiring the vote to be taken at a general election.

It is argued that if the Constitution be construed to require the vote to be taken at a general election, it will mean that a vote upon the question of becoming incorporated as a city of the third class can only be taken once in two years, because general elections for State offices under the present system are only held in even-numbered years—a delay which should be avoided if possible. In our opinion this result does not necessarily follow. In the light of the constitutional amendments adopted for the purpose of providing for the holding of municipal elections throughout the Commonwealth in November in

odd-numbered years, we can see no reason why municipal elections thus held should not be deemed general elections within the spirit and purpose of the Constitution as amended and the statutory provisions relating thereto.

What has been said about the Act of 1913 only refers to that provision which authorizes the holding of a special election for the purpose of ascertaining the will of the electors. The general subject matter of the act is clearly within the scope of legislative power, and the exercise of that power is limited only by the Constitution, which in the present case forbids the holding of a special election for the purpose of ascertaining the will of a majority of the electors.

Judgment affirmed.