## Wherry v. Mercer County Commissioners

*Henry S. Moore,* for petitioner.

*T. A. Sampson,* for respondents.

ACKER, J., December 29, 1969.—The former Public Defender of Mercer County has requested this court through a petition initially directed against two, but later all, of the commissioners of the county to pay him $9 for transportation from Grove City to the courthouse during October 1969. This includes three round trips of 18 miles each and three trips to Mercer of nine miles each at $.10 per mile. To this, the commissioners filed an answer denying that mileage is owed and requesting that petitioner pay back $32.10 previously paid by error for similar travel in August and September 1969.

Testimony was taken on November 6, 1969, with petitioner directed to file a brief within 15 days of the receipt of an affidavit of President Judge John Q. Stranahan, of this court, concerning the original hiring of petitioner. That affidavit was made on November 10, 1969, but petitioner has failed to supply the court with his brief.

The first and most obvious consideration is that this action, if it be such, is filed in a division of the court which has no jurisdiction. What petitioner wants is an order directing the commissioners to perform what he claims is a purely ministerial duty, i.e., write him a check. This must be brought by a complaint in mandamus pursuant to Pa. R. C. P. 1091, et seq. Such a denominated action is proper against county commissioners: Commonwealth v. Blankenburg, 16 Dist. R. 341, affirmed 218 Pa. 339 (1907). Jurisdiction is of two classes, i.e.: (1) over the subject matter, and (2) over the parties. When the court has no jurisdiction over the subject matter, no jurisdiction can be given even though the parties consent: Smith v. Becht, 7 D. & C. 14, 28 Dauph. 55 (1925); Commonwealth v. Barnett, 199 Pa. 161, 48 Atl. 976, 55 L. R. A. 882 (1901). In the last mentioned case, an effort was made by mandamus in Centre County to prevent the Governor from

striking $1,000,000 from an education appropriations bill. The Supreme Court held the lower court to have jurisdiction of the person but stated, at page 177: "Thus if the writ of mandamus had issued from the quarter sessions or the orphans' court the proceeding would be void ab initio for defect of authority. . ."

Therefore, although not raised by either party, this court in its criminal division has no jurisdiction to determine this matter.

However, because of the small amount claimed, it is apparent that the former public defender feels that he has been misused by the commissioners' failure to pay mileage. As originally created on July 1, 1967, the public defender, according to the affidavit of Judge Stranahan, was to receive $5,000 per year plus mileage that would be incurred in investigation. It was not intended that he receive portal-to-portal pay.[1]

With the advent of the creation of the office of public defender by statutory creation[2], petitioner was formally employed by the county commissioners. Nothing was stated specifically as to mileage.

During the course of the summer of 1969, petitioner elected to resign as public defender. Because of the great number of appeals pending before the appellate court and because of the lack of experience in the field by his successor, the commissioners, at the urging of the court, agreed to retain petitioner to the end of 1969 at his regular salary. For this he was to assist his replacement, take such new work as assigned and finish all work in progress. If matters were

---

[1] The Act of August 24, 1963, P. L. 1145, sec. 1, 16 PS §1998, gave authority to the commissioners to appropriate moneys for the payment to associations, societies, bar associations or individual attorneys for representation of indigents.

[2] Public Defender's Act of December 2, 1968 (no. 358), effective January 1, 1969.

not completed, he would continue beyond the first of 1970 without further compensation.

The commissioners may not pay mileage without specific statutory authority so to do. Section 5 of the Public Defender's Act requires the salary board to fix the public defender's, and the personnel authorized to assist him, salary. If that board had desired to provide travel allowance as a portion of his compensation, they could have. The fact is, however, that they didn't. The concept of home or private office to court house pay is repugnant to traditional concepts of compensation. It would certainly seem reasonable that a man should get to his place of employment on his own.

## ORDER

And now, December 29, 1969, the petition is dismissed.