## Commonwealth ex rel. v. Curtis

*Stranahan & Sampson*, for relator; *George Mashank*, for respondent.

McLAUGHRY, P. J., March 19, 1934.—This matter comes before the court on a writ of quo warranto on the defendant to show by what authority he exercises the powers pertaining to the office of school director in the school district of the Borough of Wheatland. It is alleged that on December 4, 1933, W. W. Hawthorne, being then a school director of said district, resigned from his office, and that at a meeting of the remaining members of said school board of said district, held on December 18, 1933, the remaining four members of said school board appointed the said W. W. Hawthorne to fill the vacancy which had been caused by his resignation on December 4, 1933, and the said W. W. Hawthorne did not accept said appointment nor execute the oath required by law of a school director, and did not qualify himself to be a member of said school board; that up to and including January 4, 1934, the remaining four members of said school board did not take any action toward the filling of the vacancy on said school board.

On January 4, 1934, a petition of more than ten resident taxpayers of said school district was presented to the Court of Common Pleas of Mercer County, requesting the appointment of Mamie Blair to fill the vacancy, the court of common pleas made said appointment as requested, and the said Mamie Blair took the proper oath and filed the same with the secretary of the school board; on January 13, 1934, at a special meeting called and held, the school board adopted a resolution declaring that the seat of the said W. W. Hawthorne on said board was vacant and then elected C. E. Curtis to fill the vacancy, the president of the school board declared the said C. E. Curtis elected a member of the school board, and he immediately took the oath of office.

The whole question before the court is whether or not there was such a vacancy in the school board of the Borough of Wheatland on January 4, 1934, as gave the court of common pleas jurisdiction to make an appointment. Section 214 of the School Code of 1911 reads as follows:

"In case any vacancy shall occur in any board of school directors in any school district of this Commonwealth, by reason of death, resignation, removal from the district, or otherwise, such vacancy shall, in a school district of the first class, be filled for the unexpired term by the court of common pleas of the county in which such school district is situated; and in a school district of the second, third, and fourth classes, the remaining members of the board of school directors shall, by a majority vote thereof, fill such vacancy within thirty (30) days thereafter. In a district of the second, third, or fourth class the person selected to fill such vacancy shall hold his office, if the term thereof so long con-

tinues, until the first Monday of December after the first municipal election occurring more than thirty (30) days after his appointment; at which election an eligible person shall be elected for the remainder of the unexpired term: Provided, That if, by reason of a tie vote or otherwise, such vacancy shall not have been filled by the board of school directors as is herein provided, within thirty (30) days after such vacancy shall have occurred, the court of common pleas of the proper county, upon the petition of ten or more resident taxpayers, shall fill such vacancy by the appointment of a suitable person for the unexpired term."

It is evident that it is intended that school directors shall be elected by the people of the school district, and in districts of the fourth class the law provides that five persons shall serve on such boards. There is a purpose in fixing an odd number, as this has been done by the legislature not only in fourth class districts, but in districts of the first, second and third classes. This is done to avoid the possibility of a tie vote on questions coming before such boards.

After the people have made a selection of school directors, vacancies are likely to occur by death, removal, or otherwise, and some method must be provided for filling such vacancies as soon thereafter as possible.

The legislature evidently considered that the other members of the school board were in a better position to fill the vacancy than any other person or persons, and placed the responsibility upon the surviving members of the school board. The legislature, however, realized that in a district of the fourth class, there being only four members remaining on the board to make the selection of a new member, there was a possibility of a tie vote. In order that this condition might not continue to the detriment of the business to be transacted by the school board, the legislature made a further provision, as follows:

"Provided, that if, by reason of a tie vote or otherwise, such vacancy shall not have been filled by the board of school directors as is herein provided, within thirty (30) days after such vacancy shall have occurred, the court of common pleas of the proper county, upon the petition of ten or more resident taxpayers, shall fill such vacancy by the appointment of a suitable person for the unexpired term."

On January 4, 1934, a petition was presented to the court of common pleas, setting forth that there had been a vacancy and that the remaining members of the school board had not filled the position for a period of 30 days, and the court thereupon, taking the facts alleged in the petition to be true, appointed Mamie Blair, being recommended as a suitable person, to act in such capacity.

We are of the opinion that on January 4, 1934, no such vacancy had existed on the school board of the Borough of Wheatland as is contemplated by the act of assembly, and that therefore the court of common pleas was without power to appoint. It is evident that the surviving members of the school board had not failed to make an appointment by reason of a "tie vote", which seems to be the principal reason for giving the court of common pleas any power to act. It seems that members of the school board were diligent in their efforts to fill the vacancy. It does not seem that members of the board had any knowledge of the refusal of W. W. Hawthorne to take the oath until January 9, 1934. On December 18, 1933, being within 30 days from December 4, 1933, the date of the resignation of W. W. Hawthorne, the board made an appointment. The board then set the next meeting for January 4, 1934, and instructed the secretary to notify the person appointed to present himself at the meeting on January 4, 1934, for the purpose of taking the oath.

We think it is unnecessary further to discuss the case. We think there was no vacancy existing that justified the court of common pleas in interfering with the right of the people of the school district of Wheatland in selecting their

626

own school directors, or making such selection through the surviving members of the school board, who had been duly elected by the people of said district. It has been intimated that there was some question as to the competency of the person appointed by the school board. This is not a question for the consideration of the court. Who may be a suitable person to fill the appointment is left entirely to the judgment of the members of the school board.

*Order*

And now, March 19, 1934, this matter came on to be heard and was argued by counsel; whereupon, after due consideration, the case is dismissed, and the appointment made by the court of common pleas on January 4, 1934, is revoked.

From W. G. Barker, Mercer, Pa.