## Appointment of School Director of Upper Tyrone Township

*John R. Hoye* and *Fred L. Brothers*, for petitioners.

DUMBAULD, P. J., June 27, 1942.—Harry A. Rankin, a duly-elected, qualified, and acting school director of the School District of the Township of Upper Tyrone, Fayette County, Pa., on March 11, 1942, enlisted as a member of the United States Army, and was inducted into the armed forces of the United States.

On April 14, 1942, 18 persons, representing themselves as citizens and resident taxpayers of Upper Tyrone Township, petitioned the court to appoint Louise M. King to fill the vacancy on the Board of School Directors of the Township of Upper Tyrone, for the unexpired term of Harry A. Rankin.

Paragraph 2 of their petition represents that there is a vacancy on the Board of School Directors of the Township of Upper Tyrone, caused by the enlistment of Harry A. Rankin into the United States Army on March 11, 1942.

Pursuant to this petition, the court made an order as follows:

"And now, this 14th day of April, 1942, the within petition presented in open court and, upon and after due consideration thereof, Louise M. King is appointed to fill the vacancy on the Board of School Directors in the Township of Upper Tyrone which was caused by the enlistment of Harry A. Rankin into the United States Army, on March 11, 1942. By the Court, Morrow, J. Attest: John J. Brady, Prothonotary."

On May 6, 1942, Sarah Morse, Jefferson C. King, Howard Hesson, and George Gismondi, representing that they are duly-elected, qualified, and acting School Directors of Upper Tyrone Township, Fayette County, Pa., presented to the court a petition, the prayer whereof is:

"Wherefore, the petitioners pray your honorable court to vacate and set aside the order of court, no. 235, March term, 1942, in which the said Louise M. King was appointed school director so that they may be given an opportunity to fill it [the vacancy existing because of the enlistment and induction of Harry A. Rankin]."

The petition alleges, inter alia, that petitioners had no knowledge of the enlistment of the said Harry A. Rankin in the United States Army, and that since petitioners had not been informed of the said vacancy they had no opportunity to appoint a suitable person to fill it.

Assuming, as both petitions do, that the enlistment of Harry A. Rankin in the armed forces of the United States, on March 11, 1942, created a vacancy in the office of school director, in the School District of Upper Tyrone Township, but not so deciding, we are con-

strained to hold that we are without jurisdiction to make the order prayed for in the petition of May 6, 1942—that of the remaining four school directors of the school district.

The petition of the 18 taxpayers, praying for the appointment of such school director was presented on April 14, 1942—more than 30 days after the occurrence of the vacancy. Under the applicable act of assembly, the court thereupon had jurisdiction to make the appointment. Such jurisdiction having been properly invoked and the court having acted therein, we cannot now restore jurisdiction to the four remaining members of the school board to fill the vacancy that existed from March 11th to April 14th.

Upon the presentation of the taxpayers' petition to the court of common pleas, reciting the fact of such vacancy and praying for the appointment of a suitable person to fill the same, exclusive jurisdiction passed to the court of common pleas, and may not be restored to the school board of the affected district by an order revoking an appointment so made.

In coming to this conclusion we do not rely upon the legal principle that the title of the appointee to a municipal office must be questioned, if at all, by a proceeding in quo warranto. We rest our decision upon the plain terms of the act of assembly relating thereto, and the decision of the Supreme Court of Pennsylvania in construction of an act of assembly with reference to filling a vacancy in the office of a member of borough council, where legal provisions for appointment are parallel to the provisions contained in the School Code for the appointment of a school director.

Section 214 of the School Code of May 18, 1911, P. L. 309, provides:

"In case any vacancy shall occur in any board of school directors in any school district of this Commonwealth, by reason of death, resignation, removal from the district, or otherwise, such vacancy shall, in a

school district of the first class, be filled for the unexpired term by the court of common pleas of the county in which such school district is situated; and in a school district of the second, third, and fourth classes, the remaining members of the board of school directors shall, by a majority vote thereof, fill such vacancy within thirty (30) days thereafter. . . . Provided, That if, by reason of a tie vote or otherwise, such vacancy shall not have been filled by the board of school directors as is herein provided, within thirty (30) days after such vacancy shall have occurred, the court of common pleas of the proper county, upon the petition of ten or more resident taxpayers, shall fill such vacancy by the appointment of a suitable person for the unexpired term."

Section 902 of article IX of The General Borough Act of May 4, 1927, P. L. 519, provides:

"If the council of any borough shall refuse, fail, or neglect, or be unable for any reason whatsoever, to fill any vacancy, within thirty days after the vacancy happens, as provided by the preceding section, then the court of quarter sessions shall, upon petition of the burgess or council or five citizens, fill the vacancy in such office by the appointment of a qualified resident of the borough, for the unexpired term of the office."

In Commonwealth ex rel. Fortney v. Wozney, 326 Pa. 494, it was contended, in the matter of the filling of a vacancy in a borough council, that the remaining members of the council were powerless to fill the vacancy 30 days after its occurrence; in other words, that 30 days after the happening of the vacancy exclusive jurisdiction to make an appointment is vested in the court of quarter sessions. The court below sustained that view, holding that exclusive power had passed to the court of quarter sessions immediately following the thirtieth day after the occurrence of the vacancy.

In discussing this conclusion, Mr. Chief Justice Kephart says (p. 497):

"This construction does not carry out the real purpose of the act; the purpose of this Section is to provide a means whereby prompt, orderly and proper conduct of business might be secured where vacancies exist in borough offices. The prime purpose was to fill a vacancy within a reasonable time. The persons to act were not so important as the act itself. The statute does not impose an arbitrary time limit on council's action. After 30 days, application may be made to the quarter sessions court, but of its own motion it has no power of appointment. It acts only upon the petition of the parties designated. This is the general rule adopted by the county courts. [Citations]. . . . If, *after the expiration of the 30-day period, a petition had been presented to the court of quarter sessions before council has acted, the jurisdiction of the court would have been exclusive, and council would have had no further power. But before any such petition was presented council acted, and the court had no further authority to appoint.*" (Italics supplied.)

Applying this reasoning to our present case, it must be plain that, after a petition is presented to the court, more than 30 days after the occurrence of the vacancy, no contingency can arise whereby the exclusive jurisdiction of the court can be withdrawn and jurisdiction restored to the municipal body having the power to appoint at any time before such petition is presented to the court. It follows that if we should revoke the order appointing Louise M. King, the remaining members of the school board would still be without authority to make such appointment. In simple words, whether they knew of the vacancy or did not know of it, jurisdiction to fill such vacancy passed into the hands of the court of common pleas with the presentation of a petition invoking the jurisdiction of that court, when such petition was presented more than 30 days after the occurrence of the vacancy.

This conclusion requires us to make an order dismissing the petition to vacate and set aside the order

of court, at no. 235, March term, 1942, in which Louise M. King was appointed school director.

### Order of court

Now, June 27, 1942, upon and after consideration and in accordance with the foregoing opinion, the prayer of the petition to vacate and set aside the order of court, at no. 235, March term, 1942, in which the said Louise M. King was appointed school director, be and the same hereby is refused and the petition is dismissed, at the cost of petitioners.