Westlund School Directorship Case.

Argued October 2, 1967.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Ralph N. DeCamp,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE JONES, November 14, 1967:
On August 9, 1966, F. W. Willardson, a member of the board of school directors of Smethport Area School

District, a third class school district, submitted his resignation. On October 11, 1966,[1] the remaining members of the board of school directors appointed Dr. C. F. Michielson, Jr. to fill the vacancy created by Willardson's resignation. On November 2, 1966, ten resident taxpayers of the district petitioned the Court of Common Pleas of McKean County to appoint Donna J. Westlund to fill the vacancy created by Willardson's resignation. The court notified the president of the school board of the filing of the petition and was advised that Dr. Michielson had been appointed but had not yet accepted the appointment. At the next regular meeting of the school board—November 8, 1966—Dr. Michielson appeared, took his oath of office and became a member of the board and of these events the court was advised on November 9, 1966. Nevertheless, on November 16, 1966, the court appointed Mrs. Westlund to fill Willardson's vacancy on the school board.

Thereafter, the board of school directors requested the court to vacate its appointment of Mrs. Westlund and the court awarded a rule to show cause why the appointment should not be vacated. On February 1, 1967, the court discharged the rule and upheld Mrs. Westlund's appointment. From that order the board of school directors has taken the present appeal.

The real crux of this controversy is whether, after the expiration of thirty days from the time a vacancy occurs on a board of school directors, the court of common pleas has *exclusive* power to fill such vacancy. The court below took the position that it has such *exclusive* power. The board of school directors urges that, even after the expiration of the thirty day period, until such time as a petition has been presented asking

---

[1] While 63 days passed from the time of the resignation until the date of appointment it should be noted that only one meeting of the school board intervened between the date of the resignation and the date of the appointment.

the court to make the appointment the board still has the power to fill the vacancy. Resolution of this issue depends upon a construction of §315 of the Public School Code.[2]

Section 315 provides, in pertinent part: "In case any vacancy shall occur in any board of school directors by reason . . . resignation . . ., in a school district of the second, third or fourth classes, the remaining members of the board of school directors shall, by a majority vote thereof, fill such vacancy within thirty days thereafter . . . . If by reason of a tie vote or otherwise, such vacancy shall not have been filled by the board of school directors within thirty days after such vacancy shall have occurred, the court of common pleas of the proper county, upon petition of ten or more resident taxpayers, shall fill such vacancy by the appointment of a suitable person for the unexpired term. . . ."

Clearly during the thirty day period the *exclusive* power to appoint is vested in the school directors and equally clear it is that, once the court of common pleas has been petitioned to fill the vacancy by the requested number of, "resident taxpayers", *exclusive* power to appoint is in the court. The instant inquiry is whether in the period subsequent to the expiration of the thirty day period and prior to the filing of a petition in the court the school directors have the power to make the appointment?

Three decades ago this Court was presented with a similar issue in *Commonwealth ex rel. Fortney v. Wozney*, 326 Pa. 494, 192 A. 648 (1937), which involved the interpretation of Article IX, §902 of The Borough Code (Act of May 4, 1927, P. L. 519, §902) which provided that, if a borough council for any rea-

---

[2] Act of March 10, 1949, P. L. 30, §315, as amended, 24 P.S. §3-315.

son whatsoever did not fill a councilmanic vacancy within 30 days after the occurrence of the vacancy, then the court of quarter sessions, upon petition filed, should fill the vacancy. Responding to the contention that, once the 30 day period has expired, the borough council was powerless to fill the vacancy, this Court said: "This construction does not carry out the real purpose of the act; the purpose of this Section is to provide a means whereby prompt, orderly and proper conduct of business might be secured where the vacancies exist in borough offices. The prime purpose was to fill a vacancy within a reasonable time. The persons to act were not so important as the act itself. The statute does not impose an arbitrary time limit on council's action. After 30 days, application may be made to the quarter sessions court, but of its own motion it has no power of appointment. It acts only upon the petition of the parties designated. This is the general rule adopted by the county courts. [citing authorities]. If, after the expiration of the 30-day period, a petition had been presented to the court of quarter sessions before council has acted, the jurisdiction of the court would have been exclusive, and council would have had no further power. But before any such petition was presented council acted, and the court had no further authority to appoint. The provisions of a statute requiring public officers to act within a specified time are generally regarded as directory, unless time is of the essence of the thing to be done, or the statute indicates that the provision is to be regarded as mandatory. [citing authorities]." (at p. 497).

The court below distinguished *Wozney* on the ground that the Statutory Construction Act (Act of May 28, 1937, P. L. 1019, 46 P.S. §§551 et seq.) had not become effective when *Wozney* was decided and that such statute provides, inter alia, that when "the

words of a law are clear and free from all ambiguity, the letter of the law is not to be disregarded under the pretext of pursuing its spirit". We do not share the view of the court below either that the Statutory Construction Act, supra, dictates a nullification of the *Wozney* ruling[3] or that §315 of the School Code is plain and free of ambiguity.[4] While §315 is unambiguous and explicit as to the body in whom rests the power of appointment within the 30 day period and within the period after the court has been petitioned to make the appointment, the legislative language is ambiguous and unclear as to the body having the power of appointment in the interim period, i.e., after the expiration of the 30 day period and prior to the time of presentation of the petition to the court, a period which may be brief or lengthy in duration.

A reading of *Wozney* convinces us that it controls the instant situation and that its interpretation of the legislative intent is binding upon us.

Until the presentation of the petition to the court, the school directors retained the power of appointment and, when the school directors made the appointment of Dr. Michielson on October 11, 1966, the vacancy created by Willardson's resignation was filled so far as the school directors were empowered to do so. When the court appointed Mrs. Westlund on November 16, 1966, there was *then* no existing vacancy on the school board. That Dr. Michielson did not for-

---

[3] In connection with *Wozney*, see: *Appointment of School Director of Upper Tyrone Township*, 45 Pa. D. & C. 231 (1942); *Butcher v. Tate*, 4 Pa. D. & C. 2d 660 (1955).

[4] Prior to the enactment of the Statutory Construction Act, we had said that when the language of a statute is plain and unambiguous, the statute must be given its plain and obvious meaning (*Farmers-Kissinger Market House Co. Inc. v. Reading*, 310 Pa. 493, 165 A. 398 (1933)). The Act, therefore, did not introduce a *novel* principle of statutory construction.

mally accept the appointment until after the presentation of the petition to the court does not alter the situation; the school board, prior to the presentation of the petition to the court, had done all it could do to fill the vacancy and there was nothing more it could do. See: *Commonwealth ex rel. v. Curtis,* 20 Pa. D. & C. 624 (1934). Moreover, it must be noted that Dr. Michielson's acceptance of the appointment antedated by eight days the court's appointment of Mrs. Westlund.

Order reversed.

Mr. Chief Justice BELL dissents.