## North Star District School Directors

No attorney for petitioner.

SHAULIS, *J.,* May 9, 1975.—We have before us seven petitions for the appointment of three school directors in the North Star School District, Regions 1 and 2, all of which allege that there have been resignations and vacancies created by such resignations and all of the petitions setting forth that the resignations took place on March 11, 1975.

Under section 315 of the Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS §3-315, the Court of Common Pleas is authorized to fill a school board vacancy upon the petition of ten or more resident taxpayers only if such vacancy shall not have been filled by the board of school directors within 30 days after such vacancy shall have occurred.

A resignation from public office must ordinarily be accepted in order to be effective and the 30-day period must be calculated from the date a resignation has been accepted rather than from the date it is submitted, in this case, April 8, 1975, being the date the board accepted the resignations of Nathan Codispoti, Eugene Walters and Ronald Brougher. See Com. ex rel. Hovis v. Zeigler, 29 D. & C. 2d 562 (1962).

Petitions to the court to fill a vacancy on the school board may be presented only after the 30-day period has expired and petitions presented before that time are premature and will not be accepted or acted upon by the court. During the 30-day period following the acceptance of a resignation, the school board has the exclusive power to fill the va-

cancy: Westlund School Directorship Case, 427 Pa. 358, 236 A. 2d 120 (1967).

It follows that there are presently no valid petitions pending before this court and until a valid petition is presented, the school board is authorized to fill the vacancy even though the 30-day period has expired: Westlund School Case, supra.

### ORDER .

Now, May 9, 1975, the petitions heretofore filed for the appointment of three school directors in North Star School District are dismissed.