Fogle v. Board of Education

WOODROW W. FOGLE, BROADUS McSWAIN, AND JAMES A. MEL-
   VIN III, AS TAXPAYERS AND VOTERS IN AND OF THE COUNTY OF GAS-
   TON, NORTH CAROLINA, AND ALL OTHER TAXPAYERS AND CITIZENS OF
   SAID COUNTY WHO MAY DESIRE TO JOIN IN THIS ACTION V. THE
   GASTON COUNTY BOARD OF EDUCATION

No. 7627SC328

(Filed 14 May 1976)

1. Statutes § 11— public local law — subsequent statewide law — local
   law not repealed by implication
       A public local law applicable to a particular county or munici-
   pality is not repealed by a subsequently enacted public law, statewide
   in its application, on the same subject matter, unless repeal is ex-
   pressly provided for or arises by necessary implication.

2. Schools § 4— Board of Education — filling vacancy — election improper
       The legislative intent in enacting Chapter 906 of the 1967 Session
   Laws of North Carolina was that the remaining members of the
   Gaston County Board of Education, and only the remaining members
   of the Board, should fill the vacancy for an unexpired term, and
   absent a provision for an alternative method of filling the vacancy,
   the authority of the remaining members of the Board to fill the
   vacancy was not lost by their failure to have done so within thirty
   days after the vacancy occurred; therefore, the trial court erred in
   ordering an election to fill the vacancy under G.S. 115-24, a general
   law inapplicable by its express terms to Gaston County.

APPEAL by defendant from *Briggs, Judge.* Judgment en-
tered in Superior Court, GASTON County, on 9 April 1976. Heard
in the Court of Appeals 11 May 1976.

Plaintiffs, as voters and taxpayers of Gaston County,
brought this action for a judgment declaring that the failure
of the remaining members of defendant Board to fill a vacancy
on the Board by appointment renders the vacant position eligi-
ble to be filled by election.

Chapter 906 of the 1967 Session Laws of North Carolina
provides that The Gaston County Board of Education shall con-
sist of nine members, four of whom shall be elected from speci-
fied areas or districts and five of whom shall be elected from
Gaston County at large.

Three members of The Gaston County Board of Education
are elected biannually at each general election for a term of
six years. All candidates for election must file a notice of can-
didacy with The Gaston County Board of Elections within the

time required by law for county officers in primary elections which for this biennium is during the period of April 5 to May 28, 1976.

Emil F. Traenkner, chairman of The Gaston County Board of Education, died on September 17, 1975. He had been elected as a member at large for a term expiring on the first Monday in December of 1978.

Section 4 of Chapter 906 of the 1967 Session Laws of North Carolina contains the following language: "All vacancies in the membership of The Gaston County Board of Education by reason of death, resignation or removal from area or district from which elected shall be filled by the remaining members of said Board from the area of residence in which the vacancy occurs for the complete unexpired term and within 30 days after the vacancy occurs."

Although the question of filling the vacancy has been considered at the meetings of The Gaston County Board of Education held on October 2, 1975; October 14, 1975; October 20, 1975; November 17, 1975; December 15, 1975; March 15, 1976; March 22, 1976; and April 1, 1976, no replacement has been appointed. When a vote was taken, on every occasion there were two nominees and on every occasion there was a tie vote with four members voting for one candidate and four voting for the other candidate.

Based upon findings of fact substantially as recited above, Judge Briggs concluded and ordered as follows:

"That the Gaston County Board of Education has not filled the vacancy in its membership of said Board within thirty (30) days from the time which said vacancy occurred.

"That Chapter 906 of the 1967 Session Laws of North Carolina has no provisions for filling a vacancy in the Gaston County Board of Education when the same has not been filled within thirty (30) days after said vacancy occurred; and further, said act contains no provision for the breaking of a dead-lock in the vote of the membership of the Gaston County Board of Education to fill a vacancy of its membership; nor does the General Statutes of North Carolina provide a remedy in the event of a tie vote by a County Board of Education in the filling of a vacancy in its membership.

"That in the absence of any provision of law in said Chapter 906 and in the general or statutory laws of North Carolina, the provision of Chapter 115, Section 24 of Article 5 of the General Statutes of North Carolina is applicable in that the vacancy presently existing in the membership of the Gaston County Board of Education should be filled by the voters of Gaston County at the next general election in November, 1976, to serve the unexpired term of Emil F. Traenkner, deceased, which ends on the first Monday of December, 1978.

"BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS, THEREFORE, ORDERED that the unexpired term of Emil F. Traenkner be filled according to the provisions of G.S. 115-24 at the next general election to be held in November of 1976."

Defendant appealed.

*Gaston, Smith & Gaston, by Willis C. Smith, for plaintiffs.*

*Garland & Alala, by James B. Garland, for defendant.*

BROCK, Chief Judge.

Appellant argues that the trial court had no statutory or constitutional authority to order that the existing vacancy on The Gaston County Board of Education be filled by election. We agree.

By the clear and unambiguous language of Chapter 906, Session Laws of 1967 (applicable only to Gaston County), the legislature provided: "All vacancies in the membership of the Gaston County Board of Education by reason of death, resignation or removal from area or district from which elected shall be filled by the remaining members of said Board from the area of residence in which the vacancy occurs for the complete unexpired term and within 30 days after the vacancy occurs." The act makes no provision for an alternative method of filling the vacancy except upon expiration of the term of office in which the vacancy exists.

General Statute 115-24, under which the trial court purported to order the vacancy filled by election, is a general statute of Statewide application. This section by its express terms is applicable only to boards of education whose members are

elected pursuant to the provisions of G.S. 115-19. In turn, G.S. 115-19 provides: "The members of the County Board of Education in each county that does not on the effective date of this Act elect its members by a vote of the people, shall be elected in one of the following ways: . . ." The special statute applicable to Gaston County (Chapter 906, Session Laws of 1967) was in effect on the effective date of G.S. 115-19. Therefore, by its express terms, G.S. 115-19 is not applicable to Gaston County.

[1] A public local law applicable to a particular county or municipality is not repealed by a subsequently· enacted public law, statewide in its application, on the same subject matter, unless repeal is expressly provided for or arises by necessary implication. *Rogers v. Davis*, 212 N.C. 35, 192 S.E. 872 (1937). "The general law will not be so construed as to repeal an existing particular or special law, unless it is plainly manifest from the terms of the general law that such was the intention of the lawmaking body. A general later affirmative law does not abrogate an earlier special one by mere implication. Having already given its attention to the particular subject, and provided for it, the Legislature is reasonably presumed not to intend to alter the special provision by a subsequent general enactment, unless that intention is manifested in explicit language, or there be something which shows that the attention of the Legislature had been turned to the special act, and that the general one was intended to embrace the special cases within the previous one, or something in the nature of the general one making it unlikely that an exception was intended as regards the special act. The general statute is read as silently excluding from its operation the cases which have been provided for by the special one. The fact that the general act contains a clause repealing acts inconsistent with it does not diminish the force of this rule of construction." *Charlotte v. Kavanaugh*, 221 N.C. 259, 20 S.E. 2d 97 (1942).

Where the language of a statute is clear and unambiguous, there is no room for judicial construction; the courts must give it its plain and definite meaning and are without power to interpolate or superimpose provisions and limitations not contained therein. *State v. Camp*, 286 N.C. 148, 209 S.E. 2d 754 (1974). When the intention of the legislature as expressed in a statute is ascertained, the courts cannot refuse to enforce it because the facts of some particular case present a seeming

Fogle v. Board of Education

hardship. *Morris v. Chevrolet Co.*, 217 N.C. 428, 8 S.E. 2d 484 (1940).

**[2]**  Although the members of the Board of Education have been deadlocked in a four-to-four tie vote on each occasion they have tried to fill the vacancy created by Mr. Traenkner's death, there is no statutory or constitutional provision for an alternative method of filling the vacancy. In the enactment of Chapter 906, Session Laws of 1967, it must be presumed that the legislature knew that a voting deadlock could occur in the attempt by the remaining members of the Board of Education to fill a vacancy on the Board. Had the legislature desired an alternative method of filling a vacancy, it would have provided for one. It follows that the legislative intent was that the remaining members of the Board, and only the remaining members of the Board, shall fill the vacancy for the unexpired term. Absent a provision for an alternative method of filling the vacancy, the authority of the remaining members of the Board to fill the vacancy is not lost by their failure to have done so within thirty days after the vacancy occurred. *See In re Westlund*, 427 Pa. 358, 236 A. 2d 120 (1967) ; 78 C.J.S., Schools and School Districts, § 117.

Although the remaining members of The Gaston County Board of Education have failed to perform their statutory duty to fill the vacancy on the Board within thirty days after it occurred, it was error for the trial court to order an election under G.S. 115-24 to fill the vacancy. Plaintiffs may wish to consider the propriety of an action for writ of mandamus to compel the remaining members of the Board to perform their statutory duty to fill the vacancy on the Board. The judgment appealed from is reversed, and the cause is remanded to the Superior Court, Gaston County.

Reversed and remanded.

Judges BRITT and CLARK concur.