## Drop v. Yough School District
## Board of Directors

*Robert Stefanon,* for plaintiff.
*Robert Austin,* for defendants.

SCHERER, *J.*, March 16, 1984 — This matter comes before the court on plaintiff's complaint in Mandamus.

Plaintiff is a resident of Sewickley Township, Westmoreland ˙County, Pa., which municipality constitutes a portion of the Yough School District. On December 5, 1983, Andrew Fraicola, who had been elected to a four year term as well as a two year term as a director of the Yough School District Board of Directors, resigned his two year term. As a result, a vacancy on the Board of Yough School Directors was created. The Directors failed to appoint a qualified elector of the district to fill the vacancy within the prescribed 30 day period.

Following the 30 day period, plaintiff, along with four other duly qualified electors of the Yough School District, petitioned the Court of Common Pleas of Westmoreland County to be named to fill the extant vacancy. By order of court dated February 7, 1984, Plaintiff was appointed to fill the vacancy.

On February 13, 1984, at a regularly scheduled meeting, the Yough School District Board of Directors declined to administer the oath of office to plaintiff. Plaintiff subsequently filed her complaint in mandamus seeking an order of court requiring the Yough School District Board of Directors to ad-

minister the oath of office to plaintiff pursuant the order of court dated February 7, 1984. Plaintiff also seeks an award of damages for costs and reasonable attorney's fees incurred in bringing this action.

Authority for the court of common pleas to fill a vacancy occurring on a school district board of directors subsequent to the failure of the directors to fill the vacancy is vested in Article III §315 of the Public School Code of 1949, as amended:

"If, by reason of a tie vote, or otherwise, such vacancies shall not have been filled by the board of school directors within thirty (30) days after such vacancy shall have occurred from the qualified electors of the district, a Court of Common Pleas of the proper county upon petition of ten (10) or more resident taxpayers shall fill such vacancy by the appointment of a suitable person from the qualified electors of the district . . ." 24 P.S. §3-315.

The threshold question is whether the complaint in mandamus will lie against defendants. Our inquiry is directed to a determination of whether there is an immediate, specific, well defined and complete right in plaintiff as well as a corresponding duty in defendants, Philadelphia Newspapers Inc. v. Jerome, 478 Pa. Appeal Dismissed 99 S. Ct. 3104, 443 U.S. 913, 61 L.Ed. 2d. 877 (1978). It is well settled that mandamus is an extraordinary writ which lies to compel performance of a ministerial act or mandatory duty where there is a clear legal right in plaintiff and a corresponding duty in defendant as well as a want of any other appropriate or adequate remedy. Princeton Sportswear Corp. v. Redevelopment Authority of the City of Philadelphia, 460 Pa. 274 333 A.2d 473 (1975). In particular, Mandamus will lie to enforce a statutory duty imposed upon a school board which duty is mandatory, in the absence for proper grounds of non-compliance. Elias

v. Board of School Directors of Windber Area, 241 Pa. 216, 218 A.2d 738 (1966).

Defendants advance the following as their reasons for non-compliance with our order of court of February 7, 1984:

". . . because of the filing by Alice P. Dankanich and Nancy F. Bikus of the document referred to above there was no longer a clear right to the Plaintiff and the corresponding legal obligation in the Board to seat Peggy L. Drop . . ." (Defendants' New Matter, Paragraph 7)

It is abundantly clear from defendants' answer and new matter, together with testimony educed at hearing, that defendants have made a legal judgment as to the filing by Alice P. Dankanich and Nancy F. Bikus. Perforce, the members of the Yough School Board have concluded that they are relieved of the obligation to give effect to the order of February 7, 1984. The order of February 7, 1984 clearly is an order directed to the Yough School Board appointing plaintiff to a seat on the board for the balance of the two year term. We know of no authority, nor has any been presented to us, enabling defendants to pass upon the merits of the averments set forth in defendant's new matter.

The record is equally clear that the board, during the 30 day period following December 5, 1983, failed to appoint a qualified elector of the district to fill the vacancy. Having failed to do so, the Public School Code of 1949 exclusively vests the power of appointment in the Court of Common Pleas. In Re: Appointment of Donna Jean Westlund, 427 Pa. 358, 236 A.2d 120, (1967). That appointment has been made. The fact that persons other than members of the Yough School Board, contest that appointment does not relieve the School Board of the obligation to give effect to our order of court of February 7, 1984.

Moreover, in the absence of any challenge raised by defendants themselves contesting the appointment of plaintiff as a member of the Yough School District Board of Directors, defendants now have a corresponding legal duty to administer the oath of office to plaintiff and to allow her to assume her duties as a member of the Board of Directors of the Yough School District.

With regard to recovery of counsel fees from the Defendants, it is well established that, absent bad faith or unless expressly provided by statute, counsel fees will not be recovered. Feist v. Luzerne County Board of Assessment Appeals, 21 Pa. Commw. 181, 347 A.2d 772 (1975). We are not persuaded of bad faith in the instant matter.

The court will issue the following

## ORDER OF COURT

And now, this March 16, 1984, it is ordered that plaintiff, forthwith, be administered the oath of office and be seated as a member of the Board of Directors of the Yough School District pursuant to the order of court dated February 7, 1984.

It is further ordered that plaintiff's request for attorney's fees be denied. Costs on defendants.