JAMES RIGGS, ET ALS, PETITIONERS v. ZONING BOARD OF ADJUSTMENT OF CARTERET COUNTY AND RICHARD K. CAPPS, RESPONDENTS

No. 903SC238

(Filed 15 January 1991)

**Municipal Corporations § 30.11 (NCI3d)— construction of storage building—paved area—drainage system—definition of structure**

A trial court's decision affirming the Carteret County Board of Adjustment's decision was reversed where respondent Capps applied to respondent Carteret County Zoning Board of Adjustment for a permit to construct a dry stack storage building within the B-2 Marina Business District; the proposed building would cover over 52.4% of the total area designated for development purposes; the required maximum structure and parking

area pursuant to the B-2 Marina Zoning District was 65%; the proposed plans did not provide for parking but provided for paving a large percentage of the land not covered by the building to meet drainage requirements; petitioner Riggs contended that the drainage plan caused more than 65% of the land to be covered and thereby should be considered a violation of the zoning ordinance; and the Zoning Board of Adjustment contended that the ordinance only limited the amount of land covered by structures and parking. Respondent Capps' storm water collection system is a structure as previously defined by our courts.

**Am Jur 2d, Zoning and Planning §§ 66, 88.**

APPEAL by petitioners from order entered 30 November 1989 by *Judge Herbert O. Phillips* in CARTERET County Superior Court. Heard in the Court of Appeals 11 December 1990.

Respondent, Richard Capps, applied to the Carteret County Zoning Board of Adjustment for a permit to construct a project within the B-2 zoning jurisdiction of Carteret County. The Zoning Enforcement Officer approved the construction of the project and petitioner, James Riggs, appealed the Zoning Enforcement Officer's decision to the Carteret County Zoning Board of Adjustment. A hearing was thereafter conducted which resulted in a decision affirming the Zoning Enforcement Officer's decision. The petitioners then petitioned the Carteret County Superior Court for a Writ of Certiorari which was allowed. From an order affirming the decision of the Carteret County Board of Adjustment, petitioners appeal.

*Wallace, Morris, Barwick & Rochelle, P.A., by P. C. Barwick, Jr., for petitioners-appellants.*

*Hamilton, Bailey, Way & Brothers, by John E. Way, Jr., for respondent-appellee Zoning Board of Adjustment of Carteret County.*

*Richard L. Stanley for respondent-appellee Richard K. Capps.*

JOHNSON, Judge.

The respondent, Richard Capps, proposed to develop a 1.48 acre tract of land on Highway 24 East, Cedar Point, North Carolina, with lands lying within the zoning jurisdiction of Carteret County. Capps proposed to develop the tract in accordance with the current B-2 zoning in the Marina Business District. The proposal included

the construction of a dry stack storage building which would cover over 52.4% of the total area designated for development purposes.

Pursuant to the B-2 Marina Zoning District, the required maximum structure and parking area coverage was 65%. The plans presented called for a building designated to cover 52.4% of the total acreage and did not provide for parking. In an attempt to meet drainage requirements, the plans also provided for paving of a large percentage of the land not covered by the building.

Petitioner Riggs appealed the decision of the Zoning Enforcement Officer, alleging that the drainage plan caused more than 65% of the land to be covered, and thereby should be considered a violation of the Carteret County Zoning Ordinance. The Carteret County Zoning Board of Adjustment ("Board of Adjustment") disagreed with petitioner Riggs' contention since the ordinance only limited the amount of land coverage by structures and parking. Upon a Writ of Certiorari to the Carteret County Superior Court, the decision of the Board of Adjustment was affirmed.

By Assignment of Error number one, petitioner Riggs contends that the Board of Adjustment's decision and subsequent order were arbitrary, oppressive, and a manifest abuse of authority. Specifically, petitioner Riggs contends that the Board of Adjustment did not interpret the clear language and intent of the ordinance. We agree.

The pivotal question raised by this appeal is whether respondent Capps' stormwater collection system consisting of asphalt coverage of the ground, concrete swales, and in-ground piping constitutes a structure. As previously defined by our Courts, a structure is "an edifice or a building of any kind; in the widest sense any product or piece of work artificially built-up *or composed of parts and joined together in some definite manner." Watson Industries, Inc. v. Shaw, Comr. of Revenue,* 235 N.C. 203, 207, 69 S.E.2d 505, 509 (1952).

Article X-8, subsection A(6) of the Zoning Ordinance of Carteret County provides that the maximum coverage of *structure and parking area* is 65%. Unquestionably, the language of the ordinance should apply and be enforced by the Board of Adjustment. *Fogle v. Gaston County Board of Education,* 29 N.C. App. 423, 224 S.E.2d 677 (1976). Words of a zoning ordinance should be given their ordinary meaning. *Penny v. Durham,* 249 N.C. 596, 107 S.E.2d 72 (1959).

While respondents would have us believe that a structure is strictly a piece of work artificially built-up, we, in applying our well-entrenched definition of *structure* to the facts at hand, are unable to agree with this contention. Notably, in many instances, words in ordinances, when read by different people, take on different meanings. Where, however, as here, asphalt coverage of the ground, concrete swales, and in-ground piping are joined together in a definite manner, such piece of artificial work can only be classified as a structure. We therefore hold that respondent Capps' stormwater collection system is, in fact, a structure.

In interpreting Article X-8, subsection A(6) of the Zoning Ordinance, we must accord the term *structure* its natural, approved and recognized meaning. *See Watson Industries v. Shaw, Comr. of Revenue*, 235 N.C. 203, 69 S.E.2d 505. Accordingly, we conclude that the paved area exceeding the 65% maximum coverage is in violation of the Carteret County Zoning Ordinance. A holding in accordance with the respondents' position is tantamount to dismissing the whole intent and purpose of the ordinance.

In view of our holding above, we find it unnecessary to discuss petitioner Riggs' second Assignment of Error that there were insufficient findings of fact to support the Board of Adjustment's conclusions of law and the trial court's subsequent order.

For the reasons stated, the order of the trial court affirming the Carteret County Board of Adjustment's decision is

Reversed.

Judges ARNOLD and LEWIS concur.